[No. 2863. Decided July 19, 1898.]

JOHN H. GRIFFITH et al., Appellants, v. JAMES MAX-WELL, Respondent.

JUDGMENT — EX PARTE MODIFICATION.

The vacating of a judgment on the pleadings, on defendant's motion for a new trial, and entering judgment for a less sum, in the absence of plaintiffs, is prejudicial error, when the pleadings are so vague and confusing that it is difficult to determine exactly what the issue is. (GORDON, J., dissents.)

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Reversed.

W. A. Lewis, for appellants.
Crow & Williams, for respondent.

The opinion of the court was delivered by

REAVIS, J.—The motions to dismiss the appeal and strike the statement of facts are denied. Appellants, who are plaintiffs, commenced an action in the superior court praying for judgment against defendant for $550.88, the remainder alleged to be due on account. Both plaintiffs and the defendant were engaged in the plumbing and heating business, and had sundry transactions between themselves, furnishing goods to each other, and from time to time comparing accounts. Defendant made answer to the com-

plaint, and admitted an indebtedness of $274.36. Plaintiffs replied at length, and the pleadings upon which the action was finally heard are vague and confusing, and this court will not now endeavor to determine precisely what they mean. At the trial the plaintiffs merely introduced in evidence the original answer and rested. The defendant then moved for a non-suit as to any other amount than the sum admitted ($274.36), and also moved for an instruction that the jury find a verdict for the plaintiffs for the amount admitted to be due from defendant, which was refused, and defendant excepted. The plaintiffs then moved the court to decide as a matter of law what verdict should be found, and discharge the jury from further consideration of the case, which motion the court granted, to which defendant excepted. On the 24th of June, 1897, the court announced its decision, and rendered judgment for the plaintiffs for $550.88, as prayed for in the complaint, to which defendant excepted, and duly filed a motion for a new trial. On the 6th of July the court granted a new trial, when the plaintiffs were not present in person or by attorney, and vacated the judgment, and immediately entered judgment in favor of plaintiffs for the sum confessed by defendant, $274.36. From this final judgment plaintiffs have appealed.

The only question we deem it proper to consider is the vacation of the judgment upon the motion for a new trial and the entering of judgment subsequently without a trial. It is maintained by counsel for respondent that the correct judgment was entered, and that the final judgment may be considered in the nature of a modification or correction of the first judgment; that is, that if the pleadings show that the correct judgment was entered, it ought not now to be disturbed. But, as has been observed, the issues of fact made by the pleadings are misty and the haze that sur-

rounds them here may have to some extent been cleared away by facts appearing in the superior court, and in the atmosphere surrounding the case, which is not brought here. The statement of facts certified shows a regular motion for a new trial made by defendant, with a number of grounds on which the motion was based, and shows that this motion was granted, and also shows that the vacation of the former judgment was made, and a new judgment entered, in the absence of plaintiffs; that is, without a hearing. Upon the exhibition of this record, we conclude that the cause should be reversed; and it is so ordered.

DUNBAR and ANDERS, JJ., concur.

GORDON, J.—I dissent. I think the judgment was only what it should have been under the pleadings, and, if anything occurred in the lower court not shown by the record, it should be presumed to have conduced to the judgment rather than otherwise. If the judgment was right, the fact that it was entered in appellants' absence would be, at most, harmless error, not warranting a reversal.