[No. 3050.  Decided November 29, 1898.]

## Annie E. Beach, *Respondent,* v. Abbie D. Brown, *Appellant.*

ALIENATION OF HUSBAND'S AFFECTIONS—ACTION BY WIFE—EFFECT OF DIVORCE—EVIDENCE—LETTERS—SELF-SERVING DECLARATIONS — PRESUMPTION OF AFFECTION.

A married woman may maintain an action for damages for the alienation of her husband's affections, in her own name, without her husband joining her, under Gen. Stat., §§ 1408, 1409 (Bal. Code, §§ 4502, 4503),which provide that every married person shall have the same right to acquire and dispose of every species of property, and to sue and be sued as if unmarried, and that all laws imposing civil disabilities upon a wife, which are not recognized as existing as to the husband, are abolished, and that for any unjust usurpation of her rights she shall have the same right as the husband to appeal in her own name to the courts for redress and protection.

A wife's right of action for damages for the alienation of her husband's affections is not lost by reason of her obtaining a divorce from him.

In an action by a wife for the alienation of her husband's affections, his letters to her during coverture showing his affection toward her are admissible in evidence.

Testimony in relation to the object the husband avowed in writing affectionate letters to his wife is inadmissible on the ground of being self-serving declarations.

The fact that a husband cohabits with his wife and has children by her raises a presumption that he has an affection for her,· which presumption continues until overthrown by a fair preponderance of the testimony to the contrary.

Appeal from Superior Coturt, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*John E. Humphries, W. E. Humphrey,* and *E. P. Edsen,* for appellant.

*Lindsay, King & Turner,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action by the respondent against the appellant for damages for alienating the affections of respondent's husband. A demurrer was interposed to the complaint, to the effect that it did not state facts sufficient to constitute a cause of action, which was overruled. A motion for a non-suit was also made and overruled. Upon the trial of the cause a verdict was rendered in favor of the respondent, judgment was entered in accordance therewith, and an appeal was taken to this court.

It is the contention of the appellant, in the first instance, that this action cannot be maintained, for the reason that a married woman in the state of Washington cannot maintain a suit in her own name for tort without her husband joining her, where the damages secured would be community property. This statement assumes somewhat the legal questions at issue. But on the main proposition, as to whether a married woman can maintain this action for the loss of the consortium of her husband, the authorities are somewhat conflicting. In *Duffies v. Duffies,* 76 Wis. 374 (45 N. W. 522, 20 Am. St. Rep. 79), a case which was strongly relied upon by the appellant, it was decided by a divided court that she could not, but we are not impressed with the reasoning upon which that decision was based. It is conceded that at the common law the husband might maintain an action for the alienation of the affections of a wife, but it is said that the

wife's right to the society of the husband is different in degree and value, and, in a long opinion, the court undertakes to substantiate this proposition.  The reasons given are too numerous to set forth in this opinion, but we think they are unsatisfactory and illogical.  The decision is also based upon the fact that at the common law the wife had no property in the consortium of her husband, and that her position as a wife precluded her from bringing the action.  An attempt is made in this case to distinguish the cases that hold that the wife at common law had a right to bring this action, but we think the attempt was unsuccessful; and there are other cases maintaining the same view.  However, the case of *Williams v. Williams,* 20 Colo. 51 (37 Pac. 614), squarely decides the proposition the other way, and shows that the doctrine is really based upon the ancient idea of the comparative inferiority of the wife.  The court in that case said:

" Mr. Justice Blackstone, who wrote 150 years ago, gave as a reason for denying the wife's right of action in cases of this kind the following: 'The inferior hath no kind of property in the company, care, or assistance of the superior, as the superior is held to have in those of the inferior, and therefore the inferior can suffer no loss or injury.' 3 Bl. Comm. 142.  This language seems strange in the present age, however familiar it may have been during the last century."

And the court then quotes *Warren v. Warren,* 89 Mich. 127 (50 N. W. 844), where it is said:

" The wife is entitled to the society, protection, and support of her husband as certainly, under the law, and by moral right, as he is to her society and services in his household."

*Foot v. Card,* 58 Conn. 1 (18 Atl. 1027, 23 Am. St. Rep. 258), is also quoted, where the court said:

" So far forth as the husband is concerned, from time immemorial the law has regarded his right to the conjugal

affection and society of his wife as a valuable property, and has compelled the man who has injured it to make compensation. Whatever inequalities of right as to property may result from the marriage contract, husband and wife are equal in rights in one respect, namely, each owes to the other the fullest possible measure of conjugal affection and society. The husband owes to the wife all that the wife owes to him. Upon principle, this right in the wife is equally valuable to her, as property, as is that of the husband to him. Her right being the same as his in kind, degree, and value, there would seem to be no valid reason why the law should deny to her the redress which it affords to him."

This reasoning, it seems to us, is more in conformity with modern thought on the subject of the marital relations existing between husband and wife.

See, also, *Bennett v. Bennett,* 116 N. Y. 584 (23 N. E. 17); *Van Arnam v. Ayers,* 67 Barb. 544; *Haynes v. Nowlin,* 129 Ind. 581 (29 N. E. 389, 28 Am. St. Rep. 213); *Lynch v. Knight,* 9 H. L. Cas. 577; *Westlake v. Westlake,* 34 Ohio St. 621 (32 Am. Rep. 397).

But, however it may have been at the common law, the trend of judicial opinion in this country has been in favor of extending rights of this kind to the wife, and it seems to us that the right is placed beyond a peradventure by our own statutes. We do not think that the cases decided by this court, which are cited by the appellant, bear upon this question. The legislature of this state has, from time to time, plainly sought to remove disabilities of this character from married women, and § 1408, 1 Hill's Code (Bal. Code, § 4502), provides that

" Every married person shall hereafter have the same right and liberty to acquire, hold, enjoy, and dispose of every species of property, and to sue and be sued as if he or she were unmarried."

It would seem as if this statute was very nearly conclusive of this question, but, if not, § 1409 (Bal. Code,

§ 4503) makes it absolutely so. That section provides that

"All laws which impose or recognize civil disabilities upon a wife, which are not imposed or recognized as existing as to the husband, are hereby abolished, and for any unjust usurpation of her natural or property rights she shall have the same right to appeal in her own individual name to the courts of law or equity for redress and protection that the husband has;"

and it will be observed that all the exception that there is to this sweeping law is made in a proviso to § 1409, to this effect:

" *Provided always,* that nothing in this chapter shall be construed to confer upon the wife any right to vote or hold office, except as otherwise provided by law."

And an investigation of the statutes in relation to the rights of married women shows that in all cases where exceptions are intended they are provided in the statutes. These statutes also do away with the necessity which existed under the common law, as held by some of the courts where the right was sustained, that the action could only be maintained when the husband joined in it. But the action in this case was brought by the respondent after she had obtained a divorce from her husband, and it is therefore urged by the appellant that, if she ever had the right to bring this action, it was lost when she sought and obtained a divorce; that all rights were settled by the decree of divorce; and cases from this court are cited to sustain that contention. But we do not think that the cases cited or the law bear upon this character of rights. It could not, in the very nature of things, have been contemplated in the divorce decree. It is a damage which is peculiar to the wife, which the husband, under no rule of right, could have any interest in; and it would be a harsh rule of law that, conceding that the wife had this right during coverture, would deprive her of the right when

the wrongful acts of which she complains created the necessity for and caused the action for divorce. Of course, the damages could not be calculated after the time when the decree of divorce was obtained. Having, then, the right to maintain this action, and there being no community,—the community having been destroyed by the decree of divorce,—we need not concern ourselves about the proposition that the damages when secured will be community property. The judgment settles the question as to the ownership of the amount secured for damages. This answers the demurrer upon both grounds, viz., that the complaint did not state facts sufficient to constitute a cause of action, and that the husband was a necessary party plaintiff; and also the error alleged in overruling the motion for a non-suit.

It is alleged that the court erred in admitting in evidence letters written by the husband, Beach, to the respondent during coverture, for the purpose of showing the affection of the husband towards the wife. We think, under the circumstances of this case, that the letters were admissible, and the testimony was as competent as any other testimony showing the relations between the husband and wife, and they certainly do not fall under the ban of the statute cited by the appellant.

It is also claimed that the court erred in excluding testimony of the witness Stull in relation to the object which the husband avowed that he had in writing the letters. We think this testimony was properly excluded, and that it falls under the head of self-serving testimony. The appellant also objects to the following instruction given by the court:

" The law presumes that a husband who lives with and cohabits with his wife, she bearing children, the issue of such cohabitation, that he has an affection for her; and this presumption continues until it is overthrown by a fair preponderance of the testimony to the contrary."

We are not prepared to indorse the pessimistic view of the marriage relation contended for by the appellant, and we think the instruction was correct, and that there was no error in the modification by the court of the instructions requested by the appellant.

There being no prejudicial errors committed by the court, the judgment will be affirmed.

ANDERS, GORDON and REAVIS, JJ., concur.