[No. 3661. Decided June 30, 1900.]

JOHN H. GRIFFITH *et al., Appellants*, v. JAMES MAXWELL, *Respondent.*

APPEAL—DELAY IN PROSECUTION—IMPOSITION OF PENALTIES.

Where an appellant transmitted his transcript on appeal, together with the briefs of both parties, to the clerk of the supreme court, but failed to transmit the docket fee in time for the assignment of the cause for hearing at the next term, the court is warranted in imposing a penalty in a reasonable sum, payable to the opposing party, as a condition for not dismissing the appeal on account of appellants' negligence in its prosecution.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.

*Lewis & Lewis,* for appellants.

*Crow & Williams,* for respondent.

PER CURIAM—Respondent moves to dismiss the appeal on several grounds: That the appellants' briefs were not served and filed within time; that the transcript was not certified and transmitted to this court within time, and that the cause was not docketed for the May session. It appears that the transcript, together with the briefs of appellants and respondent, was transmitted to the clerk

of this court within time for assignment of the cause on the docket for the May session, but no docket fee accompanied the record, and, pursuant to the rules, the cause was not docketed for hearing. It was the duty of the appellants to transmit the docket fee. The court may, under the statute, dismiss the appeal, or direct compensation to the respondent for any delay which has been occasioned by the negligence of the appellant in the prosecution of an appeal. After the motion to dismiss was made, the docket fee was forwarded to the clerk and the cause entered on the calendar for hearing at the next session. We think it reasonable to impose a penalty of $50, which shall be paid to counsel for respondent within thirty days. If, therefore, the appellants shall pay the sum of $50 and file the receipt for such payment with the clerk of this court, within thirty days from the entry of this order, the motion to dismiss the cause is denied; but otherwise, granted.

Respondent further urges that an appeal does not lie from the order discharging the attachment issued in the cause because there has been a prior appeal from the order discharging the attachment, in which there was an adjudication upon the order. The case referred to is *Griffith v. Maxwell,* found in 19 Wash. 614 (54 Pac. 35). A reference to the decision there shows that the appeal from the order discharging the attachment was not determined. It was there observed:

"The only question we deem it proper to consider is the vacation of the judgment upon the motion for a new trial and the entering of judgment subsequently without a trial."