[No. 3661. Decided August 30, 1901.]

JOHN H. GRIFFITH *et al., Appellants,* v. JAMES MAXWELL, *Respondent.*

JUDGMENTS—VACATION—PROCEDURE—MAY BE PRESENTED BY MOTION.

A judgment which has been irregularly obtained may be vacated and set aside by the court on motion therefor, although a remedy by petition is afforded by Bal. Code, § 5156.

JUDGMENT ON PLEADINGS—AMOUNT OF RECOVERY—RESTRICTED TO ADMISSIONS IN ANSWER.

A judgment upon the pleadings in an action to recover the price of goods sold to defendant upon a mutual and open account, is properly restricted to the amount admitted in the answer to be due, rather than that claimed by the complaint, although the reply may set up matter tending to show the correctness of the complaint and the error of the answer, since the affirmative averments of the reply are presumed to be denied, and plaintiff could consequently recover on none of the disputed items without proof of its correctness.

APPEAL—REVIEW—SUFFICIENCY OF RECORD.

Alleged errors of the trial court will not be reviewed on appeal, where the questions raised are not sufficiently presented in the record.

Appeal from Superior Court, Spokane County.—Hon WILLIAM E. RICHARDSON, Judge. Affirmed.

*Lewis & Lewis,* for appellants.

*Crow & Williams,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This cause was formerly before this court on the appeal of the present appellants, *Griffith v. Maxwell,* 19 Wash. 614 (54 Pac. 35). After the remittitur went down, the appellants, without notice to the respondent, and in his absence, procured the court to enter a judgment in their favor for the sum of $550.88, the amount demanded in the complaint. This judgment was afterwards, upon motion of the respondent, vacated and set aside, and the cause reinstated upon the trial docket of the court for further proceedings. Subsequently the appellants moved for judgment upon the pleadings, which motion, after notice and hearing, the court granted, rendering a judgment for the appellants for the amount admitted to be due them in the answer of the respondent, namely, $274.36.

The appellants assign error upon the order of the court vacating and setting aside the judgment entered upon the return of the remittitur, the grounds thereof being that the application should have been made by petition, and not by motion. The objection, however, is not well taken. The ground of the motion was irregularity in obtaining the judgment, the same being entered in the absence of, and without notice to, the respondent. For this ground the Code expressly provides that the procedure shall be by motion, served upon the adverse party or his attorney. Bal. Code, § 5155. It is true that this cause for vacating judgments is the one mentioned in the third subdivision of § 5153 of the Code, and that § 5156 enumerates it among those to obtain the benefit of which the application must be made by petition. But an examination of the original enactments convinces us that its enumeration in § 5156 was a mere inadvertence on the part of the legislature. See Laws 1875, p. 20; Laws 1891,

p. 44. However, were the fact otherwise, the result would not be different. The remedy by motion is still retained, and it was not error on the part of the trial court to permit it to be pursued in the case before us.

It is next contended that the court erred in rendering judgment for the sum admitted in the answer to be due the appellant, instead of the sum demanded in the complaint. In the complaint it is alleged that between certain dates named the appellants sold and delivered to the respondent goods, wares, and merchandise of the reasonable value of a certain named sum, and that a certain other sum had been paid thereon, leaving a balance due of $550.88, for which amount judgment was demanded. The answer, after appropriate denials, averred that the parties were both engaged in the same business,—that of plumbing and heating,—and had mutual dealings, in which they furnished each other with goods; that the respondent had turned over to the appellants certain accounts due him from his customers, and had paid appellants a large sum in cash. The account was in part itemized, and a balance struck, showing that respondent was indebted to the appellants in the sum of $274.36, for which sum he tendered judgment against himself in favor of the appellants. For reply the appellants denied the correctness of the respondent's account, and stated their version of the account between the parties, showing in detail the items from which the lump sums set forth in the complaint were made up. The appellants attempt to show that on the face of these pleadings they are entitled to judgment for the amount demanded in their complaint. The reasoning by which they reach the conclusion is novel, if not ingenious, but we are not convinced of its soundness. Clearly, upon none of the disputed items could the appellants recover without proof of its correct-

ness; and an item is as much disputed when set out in the reply, and denied by operation of the statute, as it is when set out in the complaint, and denied directly by the answer.

The appellants also assign error upon the ruling of the court dissolving an attachment issued at the commencement of the action. This assignment appears, however, to be based upon a misapprehension of the facts shown by the record. It is said, first, that the motion to dissolve was made before the respondent had appeared in the main action; and, second, that the court permitted the respondent to read affidavits at the hearing upon the motion to dissolve, which had not been served upon the respondent, and after notice that the respondent would rely upon oral evidence. As to the first part of the objection, the record shows that the respondent did appear generally in the action prior to the time he moved to dissolve the attachment; and as to the second the record is silent as to the procedure followed. The first ground is, therefore, clearly untenable, and the second cannot be considered, because the record fails to present the question sufficiently for review.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR, WHITE and ANDERS, JJ., concur.