[No. 16369.   Department One.   October 8, 1921.]

# JOSEPH HARRINGER, *Respondent,* v. THOMAS KEENAN, *Appellant.*[1]

DISMISSAL AND NONSUIT (11)—SETTING ASIDE AND REINSTATE-MENT. Motion for reinstatement of an action, dismissed for failure to file a cost bond, is the proper remedy where plaintiff either had no notice of the application for the bond, or had a valid excuse due to poverty induced by illness.

SAME. A motion to reinstate a cause of action which had been improperly dismissed does not necessitate a showing of a meritorious cause of action, since the cause of action necessarily appears in the complaint.

APPEAL (437) — REVIEW — HARMLESS ERROR — PLEADINGS. The denial of a motion to make a complaint more definite and certain, and the overruling of a demurrer to the complaint, will not on appeal be deemed prejudicial, where each party was allowed to present all his evidence, the complaint being deemed amended to conform to the facts.

HUSBAND AND WIFE (120)—ALIENATION OF AFFECTIONS—EVI-DENCE—ADMISSIBILITY. In an action for alienation of affections, letters written by the wife to her husband showing affection are admissible, though written subsequent to the time defendant began attentions to the wife.

SAME. In an action for alienation of affections, a letter purporting to come from the wife after separation of the spouses, which was in the handwriting of defendant, is admissible for the purpose of showing his influence over her.

EVIDENCE (130, 139)—DOCUMENTARY EVIDENCE — LETTERS — AU-THENTICATION. Letters by a wife to defendant in an action for alienation of affections are properly admitted in evidence where their authorship is demonstrated by comparison with the admittedly genuine handwriting of the wife.

WITNESSES (61, 98-1)—EXAMINATION—LEADING QUESTIONS—HOS-TILE WITNESS—RIGHT TO IMPEACH OWN WITNESS. Leading questions may be propounded by a party to a witness who proves hostile, and such witness may be impeached by showing contradictory statements before the trial.

HUSBAND AND WIFE (120).—ALIENATION OF AFFECTIONS—EVI-DENCE—ADMISSIBILITY. A property settlement by husband and wife

[1]Reported in 201 Pac. 306.

after separation cannot be shown in evidence by defendant in an action for alienation of the wife's affections.

SAME (120)—ALIENATION OF AFFECTIONS — EVIDENCE — SUFFICI-ENCY. A finding that the defendant alienated the affections of plaintiff's wife is supported by evidence that the spouses lived together for nearly twenty-two years, having a mutual affection for each other; that plaintiff was required to be away from home a portion of each year in his calling as a fisherman; and that during these periods of absence the defendant paid the wife marked attention, with the result that she transferred her affections to him and finally abandoned her husband.

Appeal from a judgment of the superior court for King county, Pemberton, J., entered November 17, 1920, upon findings in favor of the plaintiff, in an action for alienation of affections, tried to the court. Affirmed.

*Arthur C. Bannon,* for appellant.

*Joseph M. Glasgow* and *Van C. Griffin,* for respondent.

FULLERTON, J.—In this action the respondent, Harringer, sued the appellant, Keenan, for alienation of his wife's affections. The cause was tried by the court, sitting without a jury, and resulted in a judgment in favor of the respondent for the sum of six hundred dollars.

The first error assigned on the appeal is that the court erred in reinstating the cause after it had been dismissed for the failure of the respondent to file a nonresident cost bond. It appears that the appellant, on his appearance in cause, moved for a cost bond, and that the court ordered such a bond to be furnished on or before a date fixed in the order. The bond was not so furnished, and the action was dismissed on the *ex parte* application of the appellant. Afterwards the respondent applied by motion to have the cause reinstated, basing his motion upon two grounds, first, that

it had been entered without notice to him, and second, that he had been unable to furnish the bond in the required time because of his extreme poverty induced by illness. The trial court granted the motion, and it is objected that motion was not the proper remedy, as relief on the grounds stated can only be had by petition under §§ 464-473, Rem. Code (P. C. §§ 8130-8139). But the remedy by motion is proper when based upon the first ground stated. *Griffith v. Maxwell,* 25 Wash. 658, 66 Pac. 106. Whether on the second ground the remedy by petition is the only remedy, we need not consider. The matter set forth thereunder was pertinent to be considered with the first ground of the motion, as it clearly showed that the plaintiff's failure to file the bond within the required time was founded upon a valid excuse, and was not due to neglect or to a wilful disregard of the order of the court.

The second contention under this head is that the application was not accompanied by a showing of a meritorious cause of action. But this is not necessary where a plaintiff seeks to be relieved from a default inadvertently entered against him. His cause of action appears in his complaint, and repetition thereof would in no manner enlighten the court. The cases cited in support of the point, namely, *Hoefer v. Sawtelle,* 43 Wash. 23, 85 Pac. 853; *Brandt v. Little,* 47 Wash. 194, 91 Pac. 765, 14 L. R. A. (N. S.) 213; and *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158, are cases where a defendant sought relief from a judgment against him. In such instances the courts generally hold it necessary to show, in addition to the causes for vacating the judgment, that the applicant has a meritorious defense to the action in which the judgment against him was entered. This for the reason that it does not otherwise appear; a principle inapplicable to the plaintiff in an action.

The second assignments to be noticed are that the court erred in denying the motion of the appellant to make the complaint more definite and certain, and erred in overruling his demurrer to the complaint. But these assignments are of but little moment at this stage of the proceedings, even though they were technically well taken when interposed. The trial court treated the complaint as sufficient, and allowed each side to present all of his evidence which bore upon the general question. The appellant, therefore, suffered no prejudice from the rulings of the court, whatever view may be taken as to the correctness of its ruling. Error without prejudice, as we have often said, is not ground for reversal. Moreover, we are admonished by the code to consider all amendments as made which could have been made, and were we to find that the complaint was less specific than it should have been, we would treat it as amended to conform to the facts.

The next assignments relate to the admission of evidence. It is contended that inadmissible evidence was admitted and considered by the court, and that, with this eliminated, insufficient evidence remains to support the judgment. Specifically, objection is made to the introduction of some five letters written by the wife to the husband during the year preceding their separation. The letters were couched in endearing terms, and tended strongly to show that the wife had, at the time they were written, a strong affection for the respondent. It is not contended, if we understand the appellant, that letters of this sort are inadmissible under all circumstances, but that they were inadmissible under the particular circumstances of the present case, since it was shown that they were written after the time the appellant began his attentions to the wife. The objection is not tenable. Alienation of affections is not usually accomplished on the instant. It is ordi-

narily a gradual process, extending over a considerable period of time, and it cannot be said to be finally accomplished until some overt act takes place which shows a want of affection. Here the overt act was separation, and letters written prior thereto were admissible. Such was the effect of our holding in *Beach, v. Brown*, 20 Wash. 266, 55 Pac. 46, 72 Am. St. 98, 43 L. R. A. 114, and *Stanley v. Stanley*, 27 Wash. 570, 68 Pac. 187. In the latter case we said:

"It is well settled that acts and declarations of the husband in a case like this may be shown at and prior to the time of separation, for the purpose of showing affection."

Another letter purporting to come from the wife, written some ten days after the separation, was also admitted over objection. But this was admitted for a purpose other than to show affection, although its tenor was to that effect. It was testified to be in the handwriting of the appellant, and was admissible to show his then influence over her.

Objection is made to the admission and consideration of certain letters purported to have been written by the wife to the appellant. It is objected to these that they were not sufficiently proven, but the evidence leaves but little doubt on that score. A comparison of the handwriting with the admittedly genuine handwriting of the wife demonstrates their actual authorship.

Another assignment is that "the leading questions propounded to, and the attempted impeachment thereafter by the respondent of his witness, Mary Brugger, was improper, and the court erred in the allowance thereof." But there was nothing improper in this. The witness, while at first friendly and free to talk, became hostile before the actual trial and would answer only when direct questions were put to her.

The purported impeachment went no further than to show that she had previously made, both orally and in writing, statements contradictory of her then testimony. In trials before a jury it is well settled that leading and suggestive questions may be asked of a hostile or unfriendly witness, and the rule does not infringe on the other general rule that a party may not impeach his own witness. In this instance, since the case was tried by the court without a jury and is thus triable here *de novo*, the question only affects the weight of her testimony. Under no circumstance could it be error for which a new trial must be granted.

The court denied the appellant the right to show a property settlement had between the husband and wife after the separation. There was no error in the ruling. Plainly, the transactions between the husband and wife with relation to their property after their separation would have no tendency to show that the appellant, had not alienated the wife's affections.

Finally, it is objected that the preponderance of the evidence does not support the findings of the trial court. But on this question the evidence hardly leaves a doubt. The story is not an unusual one. The respondent and his wife were married on August 17, 1896. They lived together as husband and wife until June 8, 1918, when the wife left their home. His testimony and her letters to him show that, until the appearance of the appellant, and for a considerable time thereafter, they had for each other mutual affection and regard. The respondent was a fisherman and for a time in each year was away from his home in the pursuit of his calling. During these periods of absence the appellant paid the wife marked attention, with the result that the wife's affections were transferred from her husband to the appellant, the final result being the abandonment of the husband by the wife. The appel-

lant's acts constituted actionable wrong, and the award made by the trial court is not disproportionate to the wrong suffered.

The judgment is affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.