[No. 20106.  Department Two.  February 18, 1927.]

ALBION M. WENDELL, *Appellant*, v. NEIL BROWN,
*Respondent*.[1]

[1] HUSBAND AND WIFE (120)—ALIENATION OF AFFECTIONS—EVIDENCE
—ADMISSIBILITY. In an action for alienation of a wife's affec-
tions, the exclusion of evidence offered as to the state of the
wife's mind, as shown by her statements made to witnesses
out of the presence of the defendant, is not error where the
evidence offered went much further than the point of the wife's
feelings, and included hearsay evidence as to matters material
to the issue and detrimental to the defendant, which prejudical
matter was or could have been just as well proved by other
evidence.

[2] SAME (120). In an action for alienation of a wife's affections,
it is proper to exclude evidence to the effect that her relations
with defendant had become a matter of public comment.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered January 4, 1926,
upon the verdict of a jury rendered in favor of the de-
fendant, in an action for alienation of affections. Af-
firmed.

*H. D. Cooley* and *Albion M. Wendell*, for appellant.

*L. N. Jones* and *Coleman & Fogarty*, for respondent.

PARKER, J.—The plaintiff Wendell seeks recovery of
damages for the alleged alienation of the affections of
his wife by the defendant Brown. A trial upon the
merits in the superior court for Snohomish county sit-
ting with a jury resulted in verdict and judgment in
favor of the defendant, absolving him from liability,
from which the plaintiff has appealed to this court.

[1] The first, and seemingly most seriously pre-
sented contention here made in behalf of the plaintiff,
is, in substance, that the trial court erroneously ex-

[1]Reported in 253 Pac. 452.

cluded, to his prejudice, testimony of statements made by Mrs. Wendell, out of the presence of the defendant, tending to show her state of mind with reference to her affection for the plaintiff; that is, testimony of her statements so made tending to show her loss of affection for him. The record touching counsel's efforts to introduce such testimony is much involved. We think, however, for present purposes, the following is a sufficient statement of what occurred upon the trial bearing upon this particular contention. A witness, having testified to having seen a number of acts of indiscretion by Mrs. Wendell and the defendant with reference to each other, indicating the transfer of her affection from the plaintiff to the defendant, one of which incidents was with reference to a proposed automobile trip to be made, and was later made, by the defendant accompanied by Mrs. Wendell and two other persons, was asked as to whether, Mrs. Wendell at any time had anything to say to her (the witness) about making the trip or about any objections from any source. This question was objected to by counsel for the defendant. Counsel for plaintiff thereupon announced that he offered this evidence for the sole purpose of showing Mrs. Wendell's state of mind. The trial judge sustained the objection, stating, among other things, that he did not think Mrs. Wendell's state of mind could bind the defendant. Thereafter, during the trial, counsel for the plaintiff, evidently assuming that the court would not permit the introduction of any evidence of declarations of Mrs. Wendell as to her state of mind with reference to her affection for the plaintiff, made this offer of proof, which we quote from the plaintiff's brief:

"That on one occasion when the witness and Mrs. Wendell were driving past the Brown residence, Mrs. Wendell called the witness's attention to the 'Splendid

Home' that Mr. Brown had and stated that some day she might be living there; that on another occasion she stated to the witness, 'I am going to have everything I want, a real home and I won't have to work. Won't that be worth all the world to me?', and that on several occasions after the witness had noticed the conduct between Mrs. Wendell and the defendant as she had previously testified, she spoke to Mrs. Wendell about it and asked her if Mr. Wendell knew these thing were going on; that on the first occasion Mrs. Wendell said he did know about it; the next time witness spoke to her about it, she said that Wendell did not know anything about it, and that on another occasion she said that it was none of Wendell's business, that she would do just as she pleased, that Brown had told her she was killing herself and that she could have it different any time she said the word."

This offer of proof does contain some purported declarations of Mrs. Wendell indicating her loss of affection for the plaintiff, but it plainly contains much touching the acts and words of the defendant which were thus offered to be proven by the mere hearsay testimony of the witness; that is, offered to be proven by the witness's statement as to what Mrs. Wendell had said that the defendant had said and done. It seems to us that the offer unnecessarily embodied proposed hearsay proof as to what the defendant had said and done, and that Mrs. Wendell's declarations, if any she made, indicating her loss of affection for the plaintiff, could have been brought out without interweaving in the offer of proof the other, manifestly prejudicial, proposed hearsay testimony touching what the defendant had said and done. We note in this connection that there was abundant evidence tending to show Mrs. Wendell's loss of affection for the plaintiff, rendering, as we view this record, it unnecessary to a fair presentation of the plaintiff's case to make proof as so offered. Later in the trial, some controversy over this

and some further offer of proof of the same nature arose, and, while excluding such offered evidence, the trial judge said:

"I will permit her [the witness] to make any statement about how much she [Mrs. Wendell] thought of Mr. Brown to show whether or not there has been an alienation of affection; in other words, whether or not she has ceased to care for her husband. But I do not think she should be permitted to say what Mr. Brown [the defendant] said."

This and other occurrences at the trial lead us to conclude that the court did not erroneously exclude evidence, properly tendered, of declarations made by Mrs. Wendell directly or inferentially indicating her loss of affection for the plaintiff, though in making the first ruling above noticed the judge did evidently inadvertently remark that he did not think Mrs. Wendell's state of mind could bind the defendant. That observation was sound as to defendant being bound by any hearsay evidence as to what the defendant had said and done, though not sound as to declarations made by Mrs. Wendell showing her state of mind, since, of course, her state of mind with reference to loss of her affection for her husband was one of the real primary questions in the case. As to whether or not that state of mind, if it was loss of affection for the plaintiff, was caused by the defendant, was the other primary question in the case.

Counsel for the plaintiff, as is already apparent from what we have said thus far, invoke the general rule

" . . . that statements or declarations of an alleged alienated spouse, although made out of the presence of defendant, are admissible to show the effect the conduct of defendant had upon the affections of the alienated spouse and to show the state of the

alienated spouse's mind toward plaintiff and defendant;'' 30 Corp. Jur. 1139;

which general rule has seemingly been recognized by this court in *Beach v. Brown,* 20 Wash. 266, 55 Pac. 46, 72 Am. St. 98, 43 L. R. A. 114, and *Jones v. Jones,* 96 Wash. 172, 164 Pac. 757. Caution should be exercised in the admission of such evidence, to the end that there be excluded all unnecessary reference to acts and statements of the third person accused of alienating the affection of the spouse, otherwise his acts and words may be unnecessarily brought before the jury by hearsay testimony.

It seems difficult, if not impossible, in the light of the numerous decisions rendered in this country touching this subject, to state any general applicable rule, except as to a case where a single definite expression of loss of affection for one spouse is made by the other. This offer of proof goes far beyond that. Each case, other than those within this exception, seems to be governed by its own particular facts, and the court, in deciding whether or not, and to what extent, such evidence shall be received, is acting within the realm of judicial discretion. This view seems to us to be learnedly expounded by the supreme court of California in *Adkins v. Brett,* 184 Cal. 252, 193 Pac. 251. A statement of the problem as there presented and some enlightening observations made by Justice Olney, speaking for the court, are as follows:

"The serious questions in the case arise in connection with the admission of evidence of conversations between the plaintiff and his wife, wherein the latter admitted or stated that she had gone automobile riding with the defendant, had dined with him, had received flowers from him, that he was able to give her a good time, and the plaintiff was not, that she intended to continue to accept the defendant's attentions and the

plaintiff could do what he pleased about it, and that he was distasteful to her . . .

"The difficulty in regard to such declarations as those involved here lies in the fact that, while they may be competent upon the point of the wife's feelings, they go very much further. They contain statements as to matters, such as automobile rides, dinners, flowers, and attentions generally by the defendant to the wife, as proof of which the statements are not within any exception to the hearsay rule and are wholly incompetent. The situation is intensified by the fact that those matters are themselves material to the issues, and, if true, very detrimental to the defendant, so that the admission of the evidence involves the placing before the jury of evidence tending to prove matters in issue, for proving which such evidence is not competent, and the proof of which is very prejudicial to the party against whom it is introduced."

And then, after a review of the authorities and holding that, under the circumstances of that case, the court did not err in receiving the statements in evidence, though such statements were in some degree hearsay as against the defendant as to what he said and did, Justice Olney further said:

"The rule, then, is that the admissibility of such evidence as that under discussion, admissible because competent as to one point, is not destroyed by its incompetency as to other points which it yet logically tends to prove. The danger, however, of the jury misusing such evidence and giving it weight in determining the points as to which it is incompetent is manifest. . . .

"If the point to prove which the evidence is competent can just as well be proven by other evidence, or if it is of but slight weight or importance upon that point, the trial judge might well be justified in excluding it entirely, because of its prejudicial and dangerous character as to other points. A number of the authorities cited by defendant's counsel are distinguishable from the present case upon this ground. This would em-

phatically be true where there is good reason for believing that the real object for which the evidence is offered is not to prove the point for which it is ostensibly offered and is competent, but is to get before the jury declarations as to other points, to prove which the evidence is incompetent. The same thing would be true as to the introduction of repeated declarations, when once the point for which they are competent has been amply shown. It may also be that the portions of the declaration which there is danger may be misused by the jury are not so interwoven with the balance of the declaration but that they can be disassociated from it without impairing the meaning or effect of the declaration for the purpose for which it is admissible. In such a case evidence of such portions of the declaration may be excluded on proper objection, when offered, if there is opportunity for such objection, or, if there is not, may be stricken out on motion subsequently. The point of the matter is that the opponent of such evidence, so likely to be misused against him, is entitled to such protection against its misuse as can reasonably be given him without impairing the ability of the other party to prove his case, or depriving him of the use of competent evidence reasonably necessary for that purpose.''

While in that case the ruling of the trial court was sustained as to the admissibility of the testimony under the circumstances, the judgment against the defendant was reversed and the defendant awarded a new trial because of the failure of the court to limit the consideration thereof by appropriate instructions to the jury. A critical reading of that opinion leads us to believe that probably, had the trial court excluded the statements of the witness in so far as they were hearsay with reference to the acts and words of the defendant, such ruling of the trial court would have been viewed by the supreme court as a proper exercise of discretion. That is the view we take of the question as presented in this case. We think the offer of proof

here in question had unnecessarily injected into it hearsay testimony as to what the defendant said and did; and further that the trial judge did not rule that counsel for the plaintiff was prevented from proving, by properly circumscribed inquiry and answers, declarations of Mrs. Wendell showing her loss of affection for the plaintiff. We are unable to see, as the question is here presented, that the trial court ruled thereon erroneously to the prejudice of the plaintiff.

[2] It is contended in behalf of appellant that the trial court erred to his prejudice in excluding the offered testimony of certain witnesses, to the effect that the relations of Mrs. Wendell with the defendant had become a matter of public comment. Counsel for the plaintiff concede that they have been unable to find authority bearing directly upon the admissibility of such testimony, but refer to remarks made in two or three decisions, in substance, that the accused third person's alleged wrongdoings were so marked as to cause public comment and criticism. These appear to have been casual remarks made in the course of the opinions, but not in cases where the admissibility of such evidence was drawn in question. It seems clear to us that the ruling of the trial court was correct in excluding such testimony.

Contention is made, and somewhat strenuously argued, that the trial judge commented upon the weight of evidence to the prejudice of the plaintiff. Here again, the record is somewhat involved. We have examined the record with care and deem it sufficient to say that we are unable to see that the court erred to the prejudice of the plaintiff by undue comment upon the weight of evidence. Indeed, we are unable to see that the trial judge made any comment upon the weight of the evidence, or in any substantial degree

gave the jury to understand that he had any opinion as to the weight of the evidence. Indeed, had the court excluded the evidence with reference to which the comment is claimed to have been made, it is very doubtful that we would have held such ruling erroneous. It was a letter purporting to have been written by the plaintiff to the defendant and the question of fact that the court was noticing was whether or not the letter had been sufficiently identified as being actually received by the defendant. It was, however, admitted by the court and the jury had the full benefit of it.

Some other contentions are made in behalf of the plaintiff, all of which we have examined. They, for the most part, involve questions of discretion. We deem it sufficient to say that we find no error prejudicial to the plaintiff in any of these additional challenged rulings.

The judgment is affirmed.

MACKINTOSH, C. J., ASKREN, and BRIDGES, JJ., concur.

TOLMAN, J. (Concurring)—While the offer of proof was too broad, as pointed out by the majority, yet in view of the previous ruling, I think it was the duty of the trial court to indicate to counsel a willingness to admit evidence as to that part of the offer which was proper.