GROSS v. ROTHENSIES.

No. 3164.

District Court, E. D. Pennsylvania.

Aug. 1, 1944.

Thomas Raeburn White and W. H. Elsbree, both of Philadelphia, Pa., for plaintiffs.

James P. Garland, of Washington, D. C., Andrew D. Sharpe, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by executors to recover the amount of a tax assessed against the estate of the decedent on the value of certain securities transferred by him to his wife approximately four and one half years prior to his death. The government defended on the ground that the transfer was made by the decedent in contemplation of death within the meaning of Section 811 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811, and that the value of the securities was, therefore, properly subject to the estate tax. The case was heard by a jury which rendered a verdict for defendant. Plaintiffs thereupon filed the present motions for a new trial and to have the verdict set aside and judgment entered in their favor.

In their motion for a new trial plaintiffs contend that I erred in excluding, as self-serving declarations, testimony of statements made by the decedent concerning the reasons or motive for the transfer and concerning his health and plans for the future. This contention appears to be sustained by the authorities. In United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L. Ed. 867, the Supreme Court made extensive reference to statements of this character made by the decedent to various persons as evidence of his motive in making the transfers there in question. In 283 U. S. at page 112, 51 S.Ct. at page 450, 75 L. Ed. 867, Chief Justice Hughes quoted with approval from the decision of the Court of Claims, 39 F.2d 998, 69 Ct.Cl. 485, as follows: "The repeated statements made by him to close friends and associates, his daily activities in matters connected with his business affairs, his letters to his children assuring them of his renewed health, show that he fully believed the assurances given him by his physician that he was cured and had nothing to fear on account of his former illness." And, again, 283 U.S. at page 113, 51 S.Ct. at page 450, 75 L.Ed. 867: "The best evidence of the decedent's state of mind at that time and the reasons actuating him in making the transfers are the statements and expressions of the decedent himself, supported as such statements are by all the circumstances concerning the transfers."

Accordingly, the testimony offered by the plaintiffs to show the decedent's motive and state of mind when he made the transfer was improperly excluded and plaintiffs are entitled to a new trial, which is hereby granted.

Plaintiffs' motion to set aside the verdict and enter judgment in their favor is, after due consideration, denied.