**GROSS et al. v. ROTHENSIES, Collector of Internal Revenue.**

Civil Action No. 3164.

District Court, E. D. Pennsylvania.

April 10, 1946.

Thomas Raeburn White and James E. Riely, both of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., and Frederic G. Rita, Sp. Asst. to Atty. Gen., for defendant.

KALODNER, District Judge.

Plaintiffs, executors of the estate of Lewis N. Gross, deceased, brought suit against the defendant, the Collector of In-

93

ternal Revenue, to recover $16,399.28, the amount of an additional estate tax and interest assessed against the estate. The tax was paid under protest, and a claim for refund thereafter was denied by the Commissioner. The tax in controversy was assessed on certain securities, transferred by the deceased more than four years prior to his death, amounting to about $87,000, approximately one-fifth of the decedent's estate. This additional assessment was made by the Commissioner on the ground that the transfer was executed by the decedent in contemplation of death within the meaning of Section 811 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811, and that therefore the value of the securities was properly subject to estate tax.

The case was tried in February, 1944, and a verdict was returned for the defendant. However, a new trial was granted, upon motion by the plaintiffs, because of the erroneous exclusion of certain of the plaintiffs' evidence. Gross v. Rothensies, D.C., 56 F.Supp. 340.

The case was retried before this Court and a jury and a verdict returned for the plaintiffs. The defendants now move for a new trial on the ground that plaintiffs have failed to establish by a preponderance of the evidence that the transfer here involved was not in contemplation of death.

The plaintiffs, of course, carry the burden of establishing that the character of the gift was such as to exclude it from the decedent's gross estate for estate tax purposes, for it is well settled that the determination by the Commissioner is presumptively correct. Welch v. Helvering, 1933, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Commissioner v. Heininger, 1942, 320 U.S. 467, 475, 64 S.Ct. 249, 88 L.Ed. 171.

The single question raised by the motion, therefore, is whether the evidence adduced by the plaintiffs is sufficient to rebut the presumption. It is their contention that the gift here involved was made to save income taxes and to provide an independent source of income to the decedent's wife. However, the burden rests upon them to establish by a fair preponderance of the evidence that the gift was made for that purpose. Oliver v. Bell, 3 Cir., 1930, 103 F.2d 760, 763. They must show that such desire was the "dominant, controlling or impelling motive." Allen v. Trust Company of Georgia, 66 S.Ct. 389, 392.

The evidence discloses that Lewis N. Gross died on October 13, 1939, and that the transfer in controversy was made on May 12, 1935. The decedent was an engineer specializing in bridge construction and from about 1922 to 1933 he was employed by the Keystone State Corporation as superintendent, but that firm was liquidated at the end of 1933. There is no evidence that he continued in the construction business thereafter.

On May 19, 1930, the decedent visited his physician, and an examination disclosed an enlarged heart, aortitis, mitral insufficiency and hypertension. Thereafter, he attended his physician approximately once a month, with the exception of two-month summer vacation periods, until his death. In July, 1930, it was found that the decedent had diabetes, and in September of that year another cardiac examination showed auricular fibrillation, arrythmia. These conditions were brought under control through constant diet and prescribed medicines. The decedent was advised to rest and avoid physical exertion and unnecessary steps. In 1930, also, the decedent had a mild prostatic condition, which by March, 1935, had progressed to the third degree with serious threat of obstruction; the decedent had been sent to a urologist who advised the decedent's physician that there was danger of complete obstruction, which, if it occurred, would require surgery. The obstruction became complete in August of 1939, and surgery being refused, death ensued.

At this point it may be repeated that the transfer was made on May 12, 1935, when the decedent was about 67 years old, and his wife a year and a half older. To show that the transfer was not in contemplation of death, plaintiffs produced witnesses who testified that the decedent, at the time of the transfer and thereafter, was in good spirits and that he was interested in civic and secular affairs. It was also shown that in June, 1935, he acquired property in Dauphin, Pennsylvania, and was actively interested in the construction of a new home there. Further there was testimony that at the time of the gift, the decedent had made statements that the gift was for the purpose of saving income taxes, and also providing his wife with an independent source of income. A former business associate testified that in 1929 or 1930, when the decedent's income was between forty and

fifty thousand dollars, he advised the decedent to make a transfer to his wife to save income taxes.

The decedent's income tax return for the year 1934 was introduced into evidence showing a tax paid of $870.43. The return also discloses that the net income, amounting to $17,690.86, was derived almost entirely from dividends and interest on stock and bond holdings. Further, it was stated that on the gift of $87,000, all securities, to the decedent's wife, a tax of about $1150 was paid.

In determining whether the plaintiffs have produced a fair preponderance of the evidence to rebut the presumption of correctness which attends the Commissioner's determination it is important to note, as this action itself shows, that approximately $15,000 in estate taxes were saved by the transfer. On the other hand, the record is devoid of any evidence as to the amount of income taxes that would have been or were saved by the inter vivos transfer. A comparison of the income tax saving with the amount of gift tax paid would be helpful, and whether there was any substantial saving would be a significant element in the determination of motive here. Although there was testimony that after the transfer Mrs. Gross did pay income taxes, there is nothing to show to what extent the securities transferred to her were taxable, or exempt from taxation, and, indeed, it appears from the decedent's 1934 return that some of the securities reported were exempt. The lack of such evidence, in my opinion, creates a wide doubt as to whether the motive behind the transfer was as declared by the decedent.

Since the plaintiffs carry the burden here, it is upon them that the obligation rests to produce the preponderance of evidence necessary to upset the Commissioner's determination. Considering the age of the decedent, the state of his health, his retirement from active business, the large drop in income, and having in mind the absence of available significant evidence, I think that the plaintiffs' case does no more than balance the evidence, if that, with respect to proof of the decedent's motive.

Accordingly, I am of the opinion that in the interests of fairness a new trial should be had to enable the production of further evidence.

An order may be entered in accordance herewith.