[1] Reported in 208 P.2d 133.
This is an action by respondent to set aside a deed and to quiet title to certain realty.
Ellen Coyle, a widow, acquired this property February 7, 1945, and owned it as separate property. She married Roscoe Hayton in March, 1946. In November, 1947, marital differences arose and they discussed a property settlement in contemplation of divorce, whereby Hayton would give his wife twenty thousand dollars for all her interest in their various community and separate properties, she to retain only an automobile and household furniture. At this time, Hayton told Mrs. Hayton's sister, Mrs. Raborn, that he was getting the money from his brother-in-law in Milton, Oregon.
January 2, 1948, Mrs. Hayton executed in her attorney's office a quit claim deed to the property in question, naming Hayton as grantee, the deed reciting: ". . . for and in consideration of consummation of settlement agreement." The attorney testified over objection that, when she executed the deed in question, Mrs. Hayton expressed her intention to consummate the property settlement in his office *Page 107 
and that she would deliver the deed only upon receipt of the money.
About this time Mrs. Hayton rented separate quarters for herself and her minor adopted son, and moved some personal effects thereto. January 7, 1948, Mrs. Raborn saw some deeds in Mrs. Hayton's handbag but could not identify the deed in question.
January 8th, Hayton murdered his wife. The next day, Mrs. Raborn phoned him inquiring as to Mrs. Hayton's whereabouts. He replied he had last seen her in a downtown lunchroom, where he had given her twenty thousand dollars in cash in exchange for the deeds. The same day, when Mr. Raborn also inquired, Hayton again disclaimed knowledge of Mrs. Hayton's whereabouts, described their lunchroom meeting and said, "Here are the deeds. I made a deal. I got everything, lock, stock and barrel, and furniture and all."
January 10th, Hayton phoned Mrs. Raborn, stating that an unidentified man had phoned, instructing him to pack Mrs. Hayton's personal effects at her separate quarters. Later the same day, he went with Mr. Raborn to her separate quarters, packed the effects and took them to his residence.
January 19, 1948, Hayton recorded the deed in question. He was arrested the same day. He told the authorities that, at their meeting, in exchange for the deeds, he had given his wife three thousand dollars in cash and his note for seventeen thousand dollars. He claimed that he had cached in an Oregon cave, seventeen thousand dollars with which to pay the note. Subsequently, he confessed the murder and admitted that the story about the cache was a hoax.
Mrs. Raborn was appointed administratrix of her sister's estate, and brought this action to cancel the deed on the theory that it had not been delivered and that it had been obtained by fraud, force and violence. Hayton appeals from a judgment favorable to the estate.
Appellant invokes the rule that possession of a deed by the grantee raises a presumption of delivery rebuttable only *Page 108 
by clear and convincing evidence. He did not testify at the trial and no witness was called on his behalf. He stands upon the uncorroborated presumption, and contends that respondent's evidence does not clearly and convincingly rebut it, — especially if certain challenged evidence is excluded.
Appellant contends that two items of evidence were admitted erroneously. First, he challenges the admission of the detective's testimony regarding appellant's statements during the murder investigation, which the court admitted for the purpose of impeaching appellant's credibility. He contends this was error because he did not place his credibility in issue by taking the stand.
[1] The court need not give a reason for admitting evidence, and if it volunteers a wrong one it is not error if the evidence is admissible for any purpose.
[2] The challenged testimony was in the nature of admissions of a party-opponent. What a party has said, provided it is unprivileged and relevant, is admissible against him. Hart v.Pratt, 19 Wn. 560, 568, 53 P. 711; Simons v. Cissna,60 Wn. 141, 147, 110 P. 1011; Daniel v. Daniel, 106 Wn. 659,675, 181 P. 215; Proctor v. Appelby, 110 Wn. 403, 416,188 P. 481; Barnett v. Bull, 141 Wn. 139, 140, 250 P. 955, noted in 118 A.L.R. 1237.
Moreover, undenied admissions of a party-opponent have substantial weight. Kennett v. Federici, 200 Wn. 156,93 P.2d 333.
Second, appellant contends that the attorney's testimony that decedent did not intend to deliver the deed until she had been paid (it is unquestioned that she was not paid) was erroneously admitted because it was hearsay.
[3] Exception is made to the rule excluding hearsay when the state of mind or intention of a person is in question, if the court finds that two circumstances concur: (1) if there is some degree of necessity to use out-of-court, uncrossexamined declarations, and (2) if there is circumstantial probability of the trustworthiness of the out-of-court, uncrossexamined declarations. 5 Wigmore on Evidence, (3d *Page 109 
ed) (1940), §§ 1361-64, 1420-23; 6 Wigmore, ibid., §§ 1714-1725; Sugden v. St. Leonards, L.R. 1 P.D. 154 (1876);Elmer v. Fessenden, 151 Mass. 359, 24 N.E. 208, 5 L.R.A. 724;Holyoke v. Holyoke's Estate, 110 Me. 469, 87 A. 40, 46.
The first circumstance is present here because the grantor is dead. The second circumstance is present because an adult woman in the privacy of her attorney's office, dealing with her lifetime's accumulation of property in a transaction involving a property settlement in contemplation of divorce, ordinarily speaks soberly and truthfully of her intentions.
[4, 5] A deed does not take effect until delivery. A delivery requires the grantor's intent that it should take effect.Anderson v. Ruberg, 20 Wn.2d 103, 145 P.2d 890. Possession by the grantee raises a presumption of delivery, with its included intent, that can be rebutted only by clear and convincing evidence, Jackson v. Lamar, 58 Wn. 383,108 P. 946. To rebut this presumption the relevancy of evidence bearing on the grantor's intent is obvious.
[6] A relevant state of mind may be proven by the person's own, out-of-court, uncross-examined, concurrent statements as to its existence. See Mutual Life Ins. Co. v. Hillmon,145 U.S. 285, 36 L.Ed. 706, 12 S.Ct. 909, the cause celebre discussed by Maguire, The Hillmon Case — Thirty-three Years After, 38 Harv. L. Rev. 709; Williams v. Kidd, 170 Cal. 631, 151 P. 1, Ann. Cas. 1916E 703, discussed with similar cases by McBaine,Admissibility of Declarations, 19 Calif. L. Rev. 231, 249-54;Horsman v. Maden, 48 Cal.App.2d 635, 120 P.2d 92, 100;American Employers Ins. Co. v. Wentworth, 90 N.H. 112,5 A.2d 265, 268; Barney Cockburn Sons v. Lane, 45 N.M. 542,119 P.2d 104, 108; Gross v. Rothensies, D.C., E.D. Pa.,56 F. Supp. 340; Nolan v. American Tel. Tel. Co., 326 Ill. App. 328, 61 N.E.2d 876, 884; 6 Wigmore, op. cit., §§ 1725, 1729; Morgan, A Suggested Classification of UtterancesAdmissible as Res Gestae, 31 Yale, L.J. 229, 233-36; McCormick,Evidence of Declarations of Testators in Texas, 4 Texas L. Rev. 170; Hutchins and Slesinger, Some Observations On the Law ofEvidence — State of Mind to Prove An Act, 38 Yale L.J. 283; *Page 110 
Hutchins and Slesinger, Some Observations On the Law ofEvidence: State of Mind In Issue, 29 Col. L. Rev. 147; McBaine,op. cit., 19 Calif. L. Rev. 231, 240-45; Hinton, States ofMind and The Hearsay Rule, 1 Univ. of Chicago L. Rev. 394, 398et seq., Morgan, Res Gestae, 12 Wn. L. Rev. 91, 100-11; 5 Univ. of Chicago L. Rev. 303, 4; American Law Institute's Model Code of Evidence, Rule 513, Comment (a); 20 Am. Jur. 491, Evidence § 585, State of Mind, Intent, Malice and Motive.
The rule is a familiar one to this court. We have recognized and applied the rule unconditionally. Klein v. Knights, Etc.,87 Wn. 179, 151 P. 241, L.R.A. 1916B 816, noted in 86 A.L.R. 138, 158 and Ann. Cas. 1918C 1050; Harringer v. Keenan,117 Wn. 311, 314-15, 201 P. 306, noted in 82 A.L.R. 822, 832, 842; Doke v. United Pac. Ins. Co., 15 Wn.2d 536, 539-42,131 P.2d 436. Noted in 20 Am. Jur. 491.
In other cases, we have applied the rule to admit the challenged evidence but the rule itself was not identified.Leonard v. Territory, 2 Wn. Terr. 381, 396, 7 P. 872;Beach v. Brown, 20 Wn. 266, 271, 55 P. 46, 43 A.L.R. 114, 72 Am. St. 98, noted in 82 A.L.R. 822, 832, 847; State v.Mayer, 154 Wn. 667, 673-4, 283 P. 195, noted in 113 A.L.R. 264, 274, 303.
In other cases, we have recognized the rule but have excluded the challenged evidence on other grounds. Stanley v. Stanley,27 Wn. 570, 574-78, 68 P. 187, noted in 4 A.L.R. 492, 504, and in 82 A.L.R. 822, 832, 842, 861; Jones v. Jones, 96 Wn. 172,175-76, 164 P. 757, noted in 4 A.L.R. 492, 505.
The court has been mindful that evidence of this type (1) may be misused by the jury and (2) is easily fabricated. For example, the rule has been applied to admit the challenged evidence only if used for limited purposes or only if accompanied with limiting instructions to the jury. State v. Power, 24 Wn. 34, 41,63 P. 1112, 63 L.R.A. 902, noted in 113 A.L.R. 264, 274, 277, 298, 305, in 30 L.R.A. (N.S.) 1084, and in Ann. Cas. 1913A, 533;Askay v. N.Y. Life Ins. *Page 111 Co., 102 Wn. 27, 34, 172 P. 887, L.R.A. 1918F, 267, noted in 93 A.L.R. 409, 429, 430; Harringer v. Keenan, supra; State v.Paschall, 182 Wn. 304, 307, 47 P.2d 15; Williamson v.Williamson, 183 Wn. 71, 76, 48 P.2d 588, affirmed EnBanc, 185 Wn. 707, 54 P.2d 1215; State v. Payne, 25 Wn.2d 407,415, 171 P.2d 227; State v. Hart, 26 Wn.2d 776,792, 175 P.2d 944. In Wendell v. Brown, 142 Wn. 391,253 P. 452, noted in 82 A.L.R. 826, 838, the rule was recognized, but the challenged evidence was excluded because the offer of proof was too broad and was not accompanied by limiting instructions.
We have also excluded evidence otherwise admissible under this exception because there was no corroborative evidence. State v.McLain, 43 Wn. 267, 270-72, 86 P. 390.
Rule 513 of the American Law Institute's Model Code of Evidence suggests other safeguards:
". . . [hearsay evidencing declarant's relevant state of mind] is admissible unless:
a. the judge finds that the declarant made the declaration in bad faith, or
b. the evidence is offered as tending to show a fact which caused the declarant to have the state of mind, emotion or physical sensation, and the judge finds that the declarant had no personal knowledge of that fact."
Since the instant case was a trial to the court, no limiting instructions were required. The record reveals no circumstances or motives to suggest fabrication and the attorney was a percipient witness. It seems obvious that the safeguards that we have required in certain cases are not required here.
[7] The challenged evidence goes no farther than to describe decedent's state of mind six days before her death, that is, her then intention not to deliver the deed without payment. This supports the inference that, since there was no intervening payment, she had the same intent until her death. See 1 Wigmore,op. cit., §§ 1725; Morgan, op. cit., 12 Wn. L. Rev. 91, 104-111; American Law Institute's Model Code of Evidence, Rule 513, Comment (c), Reason for the Rule, p. 267; 4 Univ. of Chicago L. Rev. 303, -4. *Page 112 
 [8] The trial court did not err in holding that the legal presumption of delivery was clearly and convincingly rebutted by the circumstantial and the challenged hearsay evidence in the case. Jackson v. Lamar, supra; Klein v. Knights, Etc., supra;Tucker v. Inglish, 135 Wn. 146, 237 P. 297.
The judgment is affirmed.
JEFFERS, C.J., BEALS, STEINERT, and HILL, JJ., concur.