[No. 29190.  Department One.  February 18, 1944.]

LENUS L. ANDERSON, *Respondent*, v. HERMAN RUBERG *et al.,*
*Appellants.*[1]

*Cannon, McKevitt & Fraser* and *Frank J. Blade,* for appellants.

*C. Orno Shoemaker,* for respondent.

GRADY, J.—This action was brought by Lenus L. Anderson against Herman Ruberg and others to quiet his title to the tract of land described in the amended complaint, and the question to be determined is whether a deed thereto, executed by him to his wife during her lifetime, was delivered so as to make it a valid conveyance.  The case

[1]Reported in 145 P. (2d) 890.

was tried before the court and findings of fact and conclusions of law were entered adversely to the claims of the defendants, upon which was based a decree quieting the title of plaintiff to the property. The defendants appeal from the decree.

In our approach to this case, we accept the claim of the appellants that, as the main question involved in this appeal is what was the intention of the grantor and grantee at the time of the execution of the deed with reference to its delivery, we should not give to the findings of fact made by the trial judge the same effect as we would a direct finding of a physical fact on disputed testimony. With this thought in mind, we have examined the whole record, and it is now our opinion that the preponderance of the evidence and the proper inferences to be drawn therefrom establish the following facts, which we deem the material ones:

At the time the respondent married Clara Ruberg, the mother of the appellants by a former marriage, he was the owner of the property in question. On the fifth day of March, 1937, the respondent signed a deed to the property, naming his wife, Clara Anderson, as grantee. The express consideration was the love and affection borne by him towards his wife, and the deed recited that it was for the purpose of providing for her comfort and support. The deed also provided that the property conveyed should be held and enjoyed by her as her separate property and estate, but the grantor reserved unto himself life use of the same. The deed was prepared by an attorney after consulting the respondent and his wife to ascertain their desires. At the same time, the attorney prepared, and the respondent signed, the following escrow instruction:

"March    1937

"To The American Bank and Trust Company,

"Lewiston, Idaho

"Gentlemen:

"I, Lenus L. Anderson, grantor in that certain deed of gift dated March 5, 1937, to my wife, Clara Anderson, of

Lot 3 of Block 00 of Vineland, Asotin County, Washington, do deposit said deed in The American Bank and Trust Company of Lewiston, Idaho, and hereby direct said Bank to hold it until my death and then deliver same to the grantee therein named, the said Clara Anderson, and I hereby relinquish all control over the same.

"LENUS L. ANDERSON"

When signed, the attorney handed the deed and escrow instruction to the respondent, and he, accompanied by his wife, went to their place of abode, which was this property. Instead of taking these documents to the American Bank & Trust Company, the respondent and his wife decided to, and he did, place them and carbon copies thereof in a small safe which they had purchased sometime before. The safe was kept in the pantry off the kitchen and was not locked. Papers and money belonging to each of them were kept therein and each had access to it.

About three years later, Mrs. Anderson, without the knowledge of respondent, brought the deed to Olus Nelson, a friend and neighbor, and asked him to take the deed and put it in his deposit box at a bank for safekeeping, and further requested that, if anything happened to her, he turn it over to Herman Ruberg. She told him that Herman Ruberg was then to deliver it back to Mr. Anderson; but, if anything happened to Mr. Anderson, the deed was to be returned to her.

After Mrs. Anderson's death, Nelson gave the deed to Herman Ruberg, with the understanding that he would give it to Mr. Anderson. Ruberg gave the deed to his sister, one of the appellants, and she caused it to be placed of record.

There were but few witnesses called who had any testimonial knowledge as to the facts material or relevant to the issue presented, and the court allowed the appellants a wide latitude in the presentation of their testimony. Many collateral matters were inquired into as bearing on the intention of the parties to the deed relative to its delivery, and, while we have given them our consideration,

we do not consider them of sufficient probative value to affect what we believe to be the decisive factors of the case.

The appellants strongly urge that, in his testimony, the respondent made clear what his intention was as to the delivery of the deed to his wife when he testified on cross-examination as follows:

"Q. So you and your wife agreed to keep it in your safe at home? A. Yes. Q. And you put it in your safe at your home, in the pantry. A. Yes. Q. With the same intention as though you had put it in the American Bank. A. Oh, yes. Q. That's right, isn't it? All right. A. If I could say a few words more — Mr. Blade [counsel]: Just a moment. Mr. Shoemaker [counsel for Mr. Anderson]: Just follow the attorney, Mr. Anderson. I might make a suggestion here. He also calls the safe at home his bank."

The examination of the witness then continued along another line and the witness at no time was given an opportunity to complete his answer. Under these circumstances, we cannot adopt the view of appellants as to the effect to be given his testimony. The fair inference is that the witness wanted to make his explanation as to what his intention was when he placed the deed in the safe instead of in the American Bank & Trust Company, qualifying his direct answer to the preceding leading question. It must not be overlooked that the respondent, at the time of the trial, was eighty-two years of age and, in testifying, was not always clear on details.

Over the objection of the appellants, the respondent testified that it never was his intention to make a delivery of the deed to his wife. It is now urged that such testimony was not admissible.

The rule is that, where the intention of the parties to the transaction is a controlling question, either party has the right to give direct testimony as to what his intention was at the time of such transaction. *Malloy v. Drumheller*, 68 Wash. 106, 122 Pac. 1005; *Cannon v. Seattle Title Trust Co.*, 142 Wash. 213, 252 Pac. 699; *Stevens v. Stevens*, 150 Mass. 557, 23 N. E. 378; *National Fire Ins. Co.*

*v. Thompson,* 51 Ga. App. 625, 181 S. E. 101; *Van Guilder v. Van Guilder,* 100 Conn. 142, 123 Atl. 19; 2 Wigmore on Evidence (3rd ed.), 714, § 581.

■ We reach the conclusion from the facts as we find them to be that, when the respondent and his wife arrived home after the deed and the escrow instruction were signed, they abandoned whatever plan they theretofore had to deposit the deed as an escrow with the American Bank & Trust Company, to be there held according to the instruction, and they then concluded, and it then became their intention, that the deed should not be delivered by the respondent to his wife, but should be placed and remain in the safe in their home; and that, if Mrs. Anderson predeceased her husband, the deed would be at his disposal, and that, if he predeceased her, the deed would be at her disposal and become operative as a conveyance of the property to her. We think this is clearly apparent from the conduct of the parties in putting the deed in the safe in their home instead of depositing it as an escrow with the American Bank & Trust Company, and the words and conduct of Mrs. Anderson when she, for some reason best known to herself, gave the deed to Mr. Nelson for safekeeping in his bank box, with instructions to give it to her brother if she predeceased her husband and have her brother, in turn, give the deed to Mr. Anderson.

■■ The law applicable to cases of this kind is that a deed, in order to be effective to pass title, must be delivered by the grantor to the grantee. To constitute a delivery, it must clearly appear that it was the intention of the grantor that the deed would pass title at the time, and that he would then lose all control over it. There may be an effective delivery of a deed without actual manual delivery and change of possession, but whether there has been a valid delivery under the circumstances depends upon the intention of the grantor. Delivery in all cases is a question of intent, to be determined from the deed itself and the facts and circumstances attending its execution, including the words, acts, and conduct of the parties.

*Matson v. Johnson,* 48 Wash. 256, 93 Pac. 324, 125 Am. St. 924; *Maxwell v. Harper,* 51 Wash. 351, 98 Pac. 756; *Showalter v. Spangle,* 93 Wash. 326, 160 Pac. 1042; *Mathewson v. Shields,* 184 Wash. 284, 50 P. (2d) 898.

Many other cases might be cited, but they do no more than to announce and apply the same principles of law. We have not cited these cases as bearing in any way upon the factual situation before us, but only as authority for the principles of law to be applied to this case. Each case, necessarily, has to be decided from the standpoint of its own facts and affords but little, if any, assistance in deciding another other than as to the principles of law involved. We think the conclusion reached by the trial court, both on the facts and the law, was correct.

The decree is affirmed.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.