[No. 32545. Department One. October 26, 1953.]

MADELINE RODGERS, *as Administratrix, Respondent,* v. J. LAEL SIMMONS *et al., Appellants.*[1]

[1]Reported in 262 P. (2d) 204.

*Simmons & Yates,* for appellants.

*Lynn J. Gemmill,* for respondent.

OLSON, J.—Defendants appeal from a decree impressing certain real estate with a trust for the benefit of the grantors, and ordering that defendants reconvey the property to plaintiff, after an accounting.

No exception was taken to those findings of fact by the trial court which disclose that plaintiff is qualified and authorized to bring this action in a representative capacity; that Emily R. Clements, who died February 24, 1951, and her husband, George Clements, owned the real property in question, which is situated in the city of Seattle; that defendant J. Lael Simmons, whom we will refer to as defendant, is an attorney at law; that he had represented the decedent as her attorney, and that her relationship with him was very close; that defendant managed the property in question for decedent and her husband prior to April 12, 1949, when he notified them by letter that he had forfeited a contract for its sale because of the failure of the purchaser to comply with its terms; that decedent then wrote the following undated letter to defendant:

"Sumit Park
R. 2. Anacortes, Wn.

Dear Friend Mr. Simmons:

"I am answering your letter at once, so that it will reach you soon.

"I am disgusted with the whole matter. I can't get any money out of any property, so I'll become a pauper & see if I'll get anything then.

"I positively will not spend any more money on that Seattle house. I've spent enough already. I admit it would have been better for me to stay in Seattle & battle through the best I could. But the milk is spilled & there is no use crying over it, so I am going to do the next best thing as near as I can see it. I'm giving everything I have away except the place where I live. I've spent a lot of money on the property in South Seattle & to no good whatever. I've got no money to spend on anything anywhere, so I'll try giving it away so here goes. If you make out a quit claim deed & send it to me, I'll sign it & send it back to you. Maybe you can make something of it, maybe you can trade it for a nice waterfront near Pulsbo [sic] or somewhere that pleases you or do what you want with it, as it is no good to me.

"This is unconditional & I don't mean maybe. You are my *very best* friend. I'm not out of my mind & I know what I'm doing so be a good boy & send me the deed to sign. It's yours, as I can't use it & I'm fed up.

"[signed] Emily R."

Defendant addressed the following letter to Mrs. Clements in reply:

"Mrs. Emily R. Clements          April 15, 1949
Sumit Park
Route 2
Anacortes, Washington
In re: *Beacon Hill property*

Dear Mrs. Clements:

"I believe I understand your purpose and, therefore, I am sending you the quit claim deed which you and George should sign and return. You will note that it is made out in the name of June V. Borreson, my secretary, with whom you are acquainted.

"You know that I will try and do something with the property beneficial to you and beyond that we need not discuss the matter.

"Enclosed you will find my personal check for $50.00 which you probably can use. With kindest regards,

"Sincerely,<br>[signed] J. Lael Simmons<br>J. LAEL SIMMONS."

The unchallenged findings further state that the quit-claim deed referred to in defendant's letter was signed by

decedent and her husband, April 18, 1949, and returned to defendant; that he completed the grantors' acknowledgment of the deed in his office in Seattle without further communication with either of them, and recorded the instrument; that June V. Borreson, the grantee in the deed, was then the office secretary of defendant, and is now his wife; that she was named the grantee in the deed at the request and under the direction of defendant, with the intent and purpose that its effect was to be the same as if defendant were the grantee.

Decedent lived for nearly two years after the conveyance. She made no protest about it. Her surviving husband, who is also a grantor in the deed, is not a party to this action and did not testify at the trial.

We were not favored by an oral argument by counsel for plaintiff on this appeal. From her brief, it appears that she relies upon the theory that the property in question is subject to an express trust. This was her contention in her pleadings and at the trial.

In any event, our decision of the case is controlled by consideration of defendant's assignment of error directed to a factual conclusion of the trial court that "the evidence does not support a gift of said real property" to defendant.

This conclusion is erroneous, whether it be designated one of fact or of law. The evidence discloses that, at the time of the transaction, decedent and her husband were seventy-seven and eighty-three years of age, respectively. There is no evidence that they were not competent, but they were in difficult financial circumstances. Whatever their motive or purpose might have been in executing the deed in question (the trial court found that it was to divest themselves of their property so that they could qualify for old age assistance from the state of Washington), the fact is that the deed was absolute and unconditional.

The intention of the donor at the time of the conveyance is controlling. That is the time when the character of the transaction is determined. It is either a gift or a trust when the grantee takes title. *In re Cunningham's Estate,* 19 Wn. (2d) 589, 592, 143 P. (2d) 852 (1943), and cases cited.

An express trust in real estate cannot be created by parol testimony. *Ibid.*, and cases cited.

In the case at bar, there not only is no evidence in writing but there is no evidence of any kind of an intention by the grantors to create a trust. Failure of proof of this essential element, necessarily bars plaintiff's recovery upon the theory of an express trust.

We have considered the possible application of the rules pertaining to the creation of trusts by operation of law to the facts of this case. A plaintiff who asserts such a trust has the burden of proof and, to prevail, must produce evidence which is clear, cogent, and convincing. *McGregor v. McGregor,* 25 Wn. (2d) 511, 514, 171 P. (2d) 694 (1946), and cases cited.

Having in mind the relationship of the parties, with its incident requirement of a showing of good faith on the part of defendant, and considering all of the circumstances surrounding the transaction, plaintiff has not sustained this burden. Facts necessary to invoke the equitable powers of the court have not been proven. There is no evidence of fraud, actual or constructive, or of a breach of good faith or confidence, or of overreaching, in this case. See *Georges v. Loutsis,* 20 Wn. (2d) 92, 94, 145 P. (2d) 901 (1944), and cases cited; *Kausky v. Kosten,* 27 Wn. (2d) 721, 728, 179 P. (2d) 950 (1947), and cases cited; *Ockfen v. Ockfen,* 35 Wn. (2d) 439, 443, 213 P. (2d) 614 (1950), and cases cited.

However critical we may be of the supposed motive of the grantors in making this conveyance so that they might qualify for old age assistance, or of the act of defendant in taking their acknowledgment upon their deed without their personal appearance before him as a notary public, we do not feel that those facts can control our disposition of this case between these parties.

The latter fact was the basis of a separate cause of action in plaintiff's complaint, but the trial court dismissed that cause of action (see *Ockfen v. Ockfen, supra,* p. 441, and

cases cited), and plaintiff has taken no exception to that ruling.

The judgment is reversed, with directions to dismiss the action.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

