[No. 34094. Department One. December 19, 1957.]

EDNA JUEL, *Respondent*, v. GEORGE DOLL, *Individually, and as Administrator, Appellant.*[1]

[1]Reported in 319 P. (2d) 543.

*John M. Warnock*, for appellant.

*Dailey & Conroy*, for respondent.

WEAVER, J.—Defendant appeals from a judgment and decree canceling a quitclaim deed wherein Rose Skinner is grantor and George Doll, defendant, is grantee. Plaintiff (respondent) is the sole heir of the grantor, Rose Skinner, now deceased.

The defendant has not assigned error to the findings of fact; hence, we accept them as the established facts of the case. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953.

Do the findings of fact of the trial court support the conclusions of law and the judgment?

Defendant and Rose Skinner had, for several years prior to her death on September 18, 1954, resided and "cohabited in the house" in question. A quitclaim deed to the property, executed by Rose Skinner on October 27, 1953,

". . . was retained in the home of Rose Skinner and George Doll [defendant], from the time of its execution, until the time of its recording by George Doll . . ."

Two days after her death, defendant recorded the deed. Finding of fact No. 6 is unchallenged. It reads:

"That it was the *intention* of Rose Skinner and George Doll, *prior to, at the time of, and following the execution of the Deed herein*, that the survivor of either of said parties should be the owner of all the property, belonging to both the parties hereto; that the execution of the Deed, in part, was in keeping with the plan of the parties hereto that the survivor of either of them would own all the property formerly owned by both of the parties." (Italics ours.)

From this finding of fact, the trial court concluded that the deed conveyed no interest from the grantor to the grantee and that the deed was null and void.

To effectively pass title, a deed must be delivered by the grantor to the grantee. Whether there has been a valid

delivery, under the circumstances, depends upon the intention of the grantor; it must be clearly apparent that the grantor intended that the deed should presently pass title. *Anderson v. Ruberg*, 20 Wn. (2d) 103, 107, 145 P. (2d) 890 (1944).

■ The trial court concluded that the grantor did not intend to pass a present interest in the property at the time she executed the deed; hence, there was no valid delivery of it. *Puckett v. Puckett*, 29 Wn. (2d) 15, 185 P. (2d) 131 (1947).

Defendant assigns error to "the admission of testimony from a deposition and transcript of a former trial of the same cause . . ." (App. Br. 4.)

■ The record discloses that defendant's pretrial deposition and transcript of the testimony of the previous trial of this case were not offered nor admitted in evidence. The trial court permitted their use only in the examination of defendant as an adverse witness, either to refresh his memory or to impeach his testimony.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.