[No. 35978. Department Two. February 21, 1962.]

LOWELL A. WAKEFIELD, as *Executor, Respondent,* v. LAVERNE E. WAKEFIELD *et al., Appellants.*\*

*G. Bradley Dalton,* for appellants.

*David O. Hamlin* (of *Hay, Hamlin & Julin*), for respondent.

PER CURIAM.—The plaintiff (respondent), executor of the estate of Emma L. Wakefield, brought an action against the defendants (appellants), to obtain a judgment for $10,000 alleged to have been loaned to the defendant Laverne E. Wakefield by his mother, the decedent Emma L. Wakefield. The case was tried to the court without a jury and judgment

\* Reported in 368 P. (2d) 909.

was entered as prayed for by the plaintiff. The defendants appeal.

The sole issue is whether the $10,000 was a loan or a gift.

■ The evidence, which was in sharp dispute, was resolved in favor of the plaintiff. We will not substitute our judgment for that of the trial court on disputed issues of fact. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn. (2d) 570, 343 P. (2d) 183 (1959).

■ The defendants rely upon the rule that an unexplained transfer of money from a parent to a child raises the presumption that a gift was intended which can only be overcome by proof that is certain, definite, reliable and convincing, and leaves no reasonable doubt as to the intention of the parties. We do not disagree that at the inception of the order of proof this presumption was in effect. *Carey v. Powell,* 32 Wn. (2d) 761, 204 P. (2d) 193 (1949); 39 Am. Jur., Parent and Child § 97. However, the record discloses there was substantial evidence which, if believed by the trial court, was sufficient to overcome this presumption within the requirement of the rule.

■ The defendants further contend the court erred in admitting into evidence memorandums of the testimony of two witnesses called by the plaintiff. The contention is without merit. The trial judge specifically emphasized in his oral opinion that the memorandums were neither read nor considered by him in arriving at his judgment in the case.

The judgment is affirmed.