[No. 36689. Department One. August 22, 1963.]

PAUL ZUCKER et al., *Appellants,* v. STANLEY J. MITCHELL et al., *Respondents.**

*R. Stuart Thomson,* for appellants.

*Skeel, McKelvey, Henke, Evenson & Uhlmann, W. E. Evenson,* and *William H. Gates, Jr.,* for respondents.

WHITFIELD, J.†—This is an action by the plaintiffs, Paul Zucker and Ruth Zucker, his wife, to recover the 345 acres of land, being a part of the "Forest Lakes Farm," sold to The Weyerhaeuser Company, formerly the Weyerhaeuser Timber Company, (hereinafter referred to as Weyerhaeuser) on the ground that Weyerhaeuser paid such a grossly inadequate consideration for the property that its agents either knew, or should have known, that an outstanding equitable interest existed, namely, that of the plaintiffs. From a judgment of the trial court that the plaintiffs have no interest, legal or equitable, in the land, the plaintiffs appealed.

A better understanding of the chain of title of the property can be secured by a chronological history of the title as shown by the record before this court:

*Reported in 384 P. (2d) 815.

†Judge Whitfield is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

| Date of Instrument | Nature of Instrument | Grantor | Grantee |
|---|---|---|---|
| 12/27/45 | Contract | W. R. Millard & Zetta L. Millard, his wife | F. W. Fells, & Roy Taylor & Agnes Marie Taylor, his wife |
| 2/21/48 | Assignment of Contract & Warranty Deed | Roy Taylor & Agnes Marie Taylor, his wife | Ruth Zucker, wife of Paul Zucker, as her sole and separate property |
| 7/23/48 | Assignment of Contract & Deed | F. W. Fells, a bachelor | Ruth Zucker, wife of Paul Zucker, as her separate property |
| 9/14/48 | Assignment of Contract & Deed | Paul Zucker & Ruth Zucker, his wife | Jess W. Bell & May Bell, his wife |
| 1/19/49 | Quit Claim Deed | Jess W. Bell & May Bell, his wife | Allied Farms, Inc., a Washington corporation |
| 1/31/49 | Quit Claim Deed | Paul Zucker & Ruth Zucker, his wife | Allied Farms, Inc., a Washington corporation |
| 2/19/49 | Warranty Deed | W. R. Millard & Zetta L. Millard, his wife | Allied Farms, Inc., a Washington corporation |
| 9/10/49 | Quit Claim Deed | Allied Farms, Inc. | Jess C. Bell & Edna Bell, his wife |
| | (Given as security for funds advanced under note) | | |
| 5/ 1/50 | Warranty Deed | Allied Farms, Inc. | James Broz |
| 5/ 1/50 | Quit Claim Deed | Paul Zucker & Ruth Zucker, his wife | James Broz |
| 6/27/50 | Quit Claim Deed | Jess C. Bell & Edna Bell, his wife | First National Investment Co., Inc., an Oregon corporation |
| 8/29/50 | Quit Claim Deed | James Broz & Jean Fox Broz, his wife | First National Investment Co., Inc., an Oregon corporation |
| 2/ 9/51 | Quit Claim Deed | First National Investment Co., Inc. | Bankers Syndicate of America, Inc., a Nevada corporation |
| 10/25/51 | Quit Claim Deed | Bankers Syndicate of America, Inc. | First National Investment Co., Inc., an Oregon corporation |
| 6/30/53 | Warranty Deed | First National Investment Co., Inc. | Eli Smith and Howard Basler |

| Date of Instrument | Nature of Instrument | Grantor | Grantee |
|---|---|---|---|
| 11/ 6/53 | Quit Claim Deed | Howard Basler & Mildred Basler, his wife | Eli Smith |
| 2/ 5/54 | Real Estate Contract | Eli Smith | Harold B. Craggs & Mary E. Craggs, his wife |
| 5/19/54 | Warranty Deed | Eli Smith | Weyerhaeuser Timber Co., a Washington corporation |

As shown by the above data, the record title to Forest Lakes Farm, some 400 acres of land in Snohomish County, had been held by W. R. Millard and Zetta L. Millard, his wife, subject to a contract of sale dated December 27, 1945, to F. W. Fells and Roy Taylor and Agnes Marie Taylor, his wife. The interest of the vendees had been assigned several times, the last assignment being by Ruth Zucker and Paul Zucker, her husband, to Jess W. Bell and May Bell, his wife.

In January, 1949, Jess W. Bell and May Bell, his wife, and Ruth Zucker and Paul Zucker, her husband, by quit-claim deeds, conveyed the property to Allied Farms, Inc., a Washington corporation. On February 19, 1949, W. R. Millard and wife conveyed all of the property to Allied Farms, Inc., by warranty deed of that date; the consideration was shown as $21,500.

In their complaint, the plaintiffs alleged that they were the equitable titleholders of the property; that the same had been conveyed to the various corporations for stock and other interests therein; that on May 1, 1950, James Broz acquired the legal title to the property under a trust agreement and was holding the equitable title for the plaintiffs; that the subsequent conveyances of the property to the First National Investment Company, then to the Bankers Syndicate of America and then back to the First National Investment Company, vested the legal title in the several corporations, but the plaintiffs still held the equitable title to all the stock in the several corporations when each received its deed; that the property had been put in the name

of the First National Investment Company with the understanding that the capitalization of the corporation would be expanded from $5,000 to $500,000, and additional shares of stock, related to the value of the property being transferred, would be issued later to the plaintiffs. The capitalization of the company was never expanded, and the plaintiffs never received any stock of the company.

Plaintiffs further alleged that the corporate records of the First National Investment Company show that, on June 30, 1953, Jess C. Bell, Jr., and Stanley J. Mitchell were president and secretary-treasurer, respectively, of the First National Investment Company, although they had never contributed any assets to the corporation. They had contributed some real estate brokerage and legal services for which they were entitled to some compensation. On that date, Bell and Mitchell, acting for the First National Investment Company, sold the Forest Lakes Farm, by warranty deed, to Eli Smith and Howard Basler, for a consideration of $30,000, $15,000 in cash and $15,000 on a note secured by a mortgage. The plaintiffs were never consulted as to the sale of the property and never received any of the proceeds therefrom. May 19, 1954, Eli Smith sold the property now in controversy, consisting of 315 acres of timber lands and 30 acres of peat bog, to Weyerhaeuser for $35,000, the alleged value being $94,850. The consideration for the latter deed was grossly inadequate and the agents of the timber company, knowing the value of the land and that such consideration was inadequate, knew, or should have known, that an outstanding equitable title existed, namely, that of the plaintiffs.

Plaintiffs asked for a judgment declaring that they are the owners in fee simple of the property, subject to a lien of Weyerhaeuser for $35,000, less the value of any timber removed therefrom, including interest thereon. They did not ask for cancellation of any conveyances up to the point where the First National Investment Company became record owner. They do contend they are entitled to an equitable interest in the property by virtue of a construc-

tive trust which arose in their favor upon the conveyance of the property to the First National Investment Company.

This contention that the property should be returned to them is supported solely by the statements of the plaintiffs that they received no consideration for the transfer of the property to the First National Investment Company. No other evidence is offered and their testimony is nothing more than their own conclusion. Their claim is contradicted by the fact that the deed by which the plaintiffs conveyed their interest in the property in question to Allied Farms, Inc., contained this specific provision:

"This deed is executed to clear the records and the grantors claim no interest in said property whatsoever."

In its findings of fact, the court found that each of the instruments listed, as shown above, was

". . . a valid and proper conveyance duly and properly executed and in the case of conveyances by corporations, such conveyances were duly authorized and the officers signing the same were vested with complete authority to make such conveyances:"

There are no letters, corporate records, or any other written evidence offered to sustain plaintiffs' contention. Therefore, the plaintiffs have not proved that there was an express trust. This court has repeatedly and consistently held that parol evidence is not admissible to establish an express trust in land. *Georges v. Loutsis*, 20 Wn. (2d) 92, 145 P. (2d) 901 (1944).

The plaintiffs allege that the officers of the First National Investment Company perpetrated a fraud in disposing of the land without accounting to the plaintiffs. They do not present the proof that is necessary to establish a constructive trust.

". . . A plaintiff who asserts such a trust has the burden of proof and, to prevail, must produce evidence which is clear, cogent, and convincing. . . ." *Rodgers v. Simmons*, 43 Wn. (2d) 557, 561, 262 P. (2d) 204 (1953).

The trial court correctly found that the plaintiffs had failed to prove that they had any interest, legal or equitable, in the land in question.

Plaintiffs vigorously contend that the consideration paid by Weyerhaeuser was so inadequate as to require an investigation of the possibility of any claim of interest in or lien against the property. The trial court ruled:

"Under such facts, I can not find that Weyerhaeuser paid such a grossly inadequate consideration that it should raise their suspicion that there was some equitable lien upon this property on behalf of plaintiffs."

But assuming, arguendo, that the plaintiffs did have an equitable interest in the land and that the consideration was so inadequate as to put the purchaser on notice, an investigation of public records would not have disclosed plaintiffs' claim of an equitable interest. They had deeded the farm property to Allied Farms, Inc., by a deed in which was recited:

"This deed has been executed to clear the records and the grantors claim no interest in said property whatsoever."

Allied Farms, Inc., conveyed the property to James Broz, the deed having been executed by Paul Zucker, as president, and Ruth Zucker, as secretary, and, simultaneously therewith, the plaintiffs executed a quitclaim deed of the same property to Broz.

All of the deeds in the chain of title from Broz to Weyerhaeuser are in conventional form and none of them contains any indication that the conveyance is less than that of the fee. Accordingly, we hold that no search of the public records, including an examination of the records of the several deeds in the chain of title, would have disclosed any claim of interest by the plaintiffs or any lien in favor of the plaintiffs.

The judgment is affirmed.

OTT, C. J., ROSELLINI, HUNTER, and HALE, JJ., concur.

---

October 15, 1963. Petition for rehearing denied.