[No. 430-1.    Division One—Panel 1.    February 8, 1971.]

NORMAN E. PROCTOR, *Appellant,* v. ZEE A. FORSYTHE, *Respondent.*

*Barokas, Martin, Richey & Schaefer* and *Stephen R. Schaefer,* for appellant.

*Thomas C. McCarthy,* for respondent.

UTTER, J.—Norman Proctor, alleging he was a single man, filed a summons and complaint against Zee Forsythe invoking the unlawful detainer jurisdiction of the court. Mrs. Forsythe denied she was unlawfully in possession and counterclaimed. She alleged two quitclaim deeds and a

mortgage bearing her signature, which showed the property in dispute to be transferred from her to Proctor, were not intentionally signed by her and requested that the deeds and mortgage be set aside and that title in the property be quieted in her. These allegations were denied by Proctor.

The trial court found Proctor provided most of the funds required to purchase the property and build a home thereon but that he intended all moneys expended by him to be a gift to Mrs. Forsythe and that neither party intended he would be an equitable owner or have any other interest in the property. It further found the documents which reflected title in Proctor were not knowingly or intentionally signed by Mrs. Forsythe and awarded the property to her.

Proctor appeals and, in his assignments of error, alleges the court improperly applied the law of Washington regarding the validity of the deeds and mortgage and the law applying to a meretricious relationship and resulting trust. He further attacks the finding of fact which found Mrs. Forsythe did not knowingly or intentionally sign or deliver any of the instruments and the finding which held he intended the moneys expended by him to be a gift.

At all times material to this action, Proctor was a married real estate broker. In 1964, he employed Mrs. Forsythe as a licensed saleswoman. From 1964 to 1966, Proctor acquired certain property in her name. In 1967, Mrs. Forsythe signed a real estate contract for the purchase of a lot for which Proctor supplied the downpayment. She and Proctor proceeded with plans to construct a home, and a $10,000 mortgage loan was signed for by Mrs. Forsythe. The proceeds of this loan were paid to Proctor who applied them on construction costs. Proctor, in addition, expended approximately $12,000 on the home and made the mortgage payments until the trial.

There is substantial evidence in the record to support the finding that Mrs. Forsythe did not knowingly sign or deliver the deeds and mortgage. The record shows a history of dealings by Proctor on Mrs. Forsythe's behalf

which required her to sign numerous papers, some of them in blank. One of the deeds Mrs. Forsythe claimed was signed in blank showed on its face that two typewriters were used at separate times to complete the instrument. As between the parties to a deed, there is a necessity that there be delivery by the grantor to the grantee, and a valid delivery, under the circumstances, depends upon the intention of the grantor. *Juel v. Doll,* 51 Wn.2d 435, 319 P.2d 543 (1957); *Puckett v. Puckett,* 29 Wn.2d 15, 185 P.2d 131 (1947); *Anderson v. Ruberg,* 20 Wn.2d 103, 145 P.2d 890 (1944). The finding of lack of intent to convey title renders the deed and mortgage in Proctor's name void. This finding alone is sufficient to support the ruling of the trial court.

The court's findings relating to the gift theory are likewise supported by substantial evidence. The essential elements of a gift are: an intention on the part of the donor to presently give; a subject matter capable of passing delivery; and an actual delivery at the time. *Henderson v. Tagg,* 68 Wn.2d 188, 412 P.2d 112 (1966). The only element disputed by the parties in this case was the intent of Proctor. During the time the home was being constructed and the moneys disbursed, the record revealed Proctor asked Mrs. Forsythe to marry him, told her he loved her, gave her several gifts, and purchased a plaque to be installed in the home which read, "From Norman to Zee with love."

The cases cited by Proctor regarding the state of title where parties are involved in a meretricious relationship and one is deceased are not in point inasmuch as in this case, both parties are still living and the trial court found there was an expressed intent to make a gift by Proctor to Mrs. Forsythe.

After judgment was entered, a motion to intervene and a motion for new trial were filed by Proctor's wife, alleging that he was married at all times material in the action and that there were minor children of the parties. An affidavit in support of the motion alleged that all moneys acquired by Proctor were the result of the efforts of the community and denied he had any authority to make a

gift. The trial court denied the motion for new trial and motion to intervene and this action is assigned as error. The granting or denial of a motion to intervene is discretionary with the trial court. *State ex rel. Continental Cas. Co. v. Superior Court,* 33 Wn.2d 839, 207 P.2d 707 (1949); *Davis v. Seattle,* 37 Wash. 223, 79 P. 784 (1905). All parties had rested and if intervention had been granted, it would have necessitated a retrial on entirely new issues. We find no abuse of discretion.

■ The judgment of the trial court in this case cannot quiet title as between the parties and its precise effect is very narrow. The form of summons and complaint invoked only the unlawful detainer jurisdiction of the court (RCW 59.12). When this is invoked, the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and not as a court of general jurisdiction with the power to hear and determine other issues. *Tuschoff v. Westover,* 65 Wn.2d 69, 395 P.2d 630 (1964); *Hill v. Hill,* 3 Wn. App. 783, 788, 477 P.2d 931 (1970); *Motoda v. Donohoe,* 1 Wn. App. 174, 459 P.2d 654 (1969). The court is, therefore, unable to rule on the request of both Proctor and Mrs. Forsythe to quiet title and can only determine who is entitled to possession as between the parties.

■ The parties affected by the lawsuit were only Mrs. Forsythe and Proctor, individually. The action was brought by Proctor and judgment rendered against him as a single man. The community composed of Proctor and his wife and the separate interest, if any, of Mrs. Proctor were in no way affected by the judgment. Inasmuch as Proctor did not file suit as a married man, there is no prejudice to either the rights of the community or to the wife, and they may attack the judgment and raise any defenses that could have been raised in the original action. *Merritt v. Newkirk,* 155 Wash. 517, 285 P. 442 (1930); *Knittle v. Knittle,* 2 Wn. App. 208, 213, 467 P.2d 200 (1970).

There is a factual dispute whether the property given to Mrs. Forsythe by Proctor was community or separate. If it was community property, the husband is the manager,

not the owner, of the community property and this power must be exercised for the community and in the community interest. A gift of substantial community property by a husband is void. *Marston v. Rue,* 92 Wash. 129, 159 P. 111 (1916).

The court in *Marston* recognized that redress by either damages or recovery of the thing itself was appropriate for the community and wife. The imposition of a constructive trust by the court for their benefit would also appear to be appropriate. A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. Restatement of Restitution § 160 (1937). Our court has noted that constructive trusts are those which arise purely by construction of equity and are entirely independent of any actual or presumed intention of the parties and are often directly contrary to such intention. They are entirely in invitum and are forced upon the conscience of the trustee for the purpose of working out right and justice or frustrating fraud. *Carkonen v. Alberts,* 196 Wash. 575, 83 P.2d 899, 135 A.L.R. 209 (1938).

The judgment of the trial court is affirmed only insofar as it determines that Mrs. Forsythe is not unlawfully in possession as against the claim of Mr. Proctor, brought in his individual capacity.

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied March 31, 1971.