[No. 763-1.  Division One—Panel 2.  November 22, 1971.]

*In the Matter of the Estate of* GEORGE PAPPULEAS, *Deceased.* ANNA PAPPULEAS, *Appellant,* v. GERALD PAPPULEAS, *Individually and as Executor, Respondent.*

*Robert B. Porterfield,* for appellant.

*Maslan & Hanan* and *Ben A. Maslan,* for respondent.

FARRIS, A.C.J.—Gerald Pappuleas, son of George Pappuleas by his first marriage, brought this action as executor to have the family residence struck from the inventory of the estate of his deceased father. The trial court struck the property from the estate inventory, thus allowing the son to take the property under a deed from his father over the assertion of homestead rights by Anna Pappuleas, second wife of the deceased. Mrs. Pappuleas now appeals this ruling.

George Pappuleas acquired the property in question as a single man in 1945, more than 5 months prior to his marriage to Anna Pappuleas on March 28, 1946. He signed a deed on May 15, 1946, quitclaiming the property to his son; however, he did not deliver this deed to Gerald until late in 1963 or early 1964, after he executed his will in March, 1961. The will declared that the house was his separate property and devised it to his children, Gerald and Helen, subject to a life estate in his wife. A codicil to the will executed in 1967 also declared the residence to be his separate property and he made this same allegation in a tax affidavit filed with the county treasurer in 1967. Gerald did not record the deed until 1970, after the estate was in probate proceedings.

There is no dispute over the delivery of the deed nor is its validity questioned. The appellant argues that the delivery was not made with the intent to make a present transfer of the property. She relies upon the actions of George Pappuleas following delivery of the deed and the actions of Gerald Pappuleas following its receipt, as evidence of this fact. She recognizes that the acts of Gerald in failing to disclose the deed and listing the property as an estate asset standing alone do not stop him from claiming title to the land. *Compare, Hill v. L. W. Weidert Farms, Inc.,* 75 Wn.2d 871, 454 P.2d 220 (1969).

■ Where a grantee is in possession of a properly executed deed, there is a strong presumption that it has been duly delivered with an intent to make a present transfer of the property. *Raborn v. Hayton,* 34 Wn.2d 105, 208 P.2d 133 (1949). Anyone claiming that the deed in possession of a grantee was never delivered with such an intention has the burden of proving that fact, and the presumption of valid delivery can be overcome only by clear and convincing evidence. *Raborn v. Hayton, supra; Hampton v. Gilleland,* 61 Wn.2d 537, 379 P.2d 194 (1963). There was testimony offered which, if believed, substantiated the allegation that the father's intent was to make a present transfer of the property to his son. Mrs. Verna Pappuleas, wife of the executor, testified that on the occasion when the deed was delivered to her husband, Mr. Pappuleas stated: "This is the deed to the—to the house and the deed underneath is showing that the house—I'm giving the house to you now. It belongs to you." Helen Pappuleas Kenney, daughter of the decedent, testified that Mr. Pappuleas stated at this same meeting: "This is the deed to the house where I bought the house, and then this is the [deed] giving the house to you. It's your house now."

Whether the presumption of delivery with intent to make a present transfer was rebutted is a factual question. It was resolved by the trial court. The trial court found that "it was clearly the intention of George Pappuleas that the gift to his son Gerald Pappuleas should take effect upon his delivery of the deed . . . to Gerald Pappuleas on or about 1964." Finding 8. This finding is supported by substantial evidence and will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Appellant relies upon *Anderson v. Ruberg,* 20 Wn.2d 103, 145 P.2d 890 (1944) and *Puckett v. Puckett,* 29 Wn.2d 15, 185 P.2d 131 (1947) to support his argument that the findings of fact of the trial court are to be given great weight on appeal, but that the ultimate determination of the facts rests with the appellate court. We do not agree. These cases

were decided prior to 1951 when the legislature clarified the question by enacting RCW 4.44.060. This statute provides in part that "[t]he finding of the court upon the facts shall be deemed a verdict, . . ." The application of the statute is discussed in *Thorndike v. Hesperian Orchards, Inc., supra* at 572:

[A]ll of the claimed errors proceed upon the hypothesis that this court will try *de novo* disputes of fact tried to the court below if all of the evidence is certified here. Assuming the constitutionality of the laws of 1893, chapter 61, § 21, p. 130, a question which we need not decide, this hypothesis would have been true from 1893 until 1951, but was not true prior to 1893 nor has it been true since 1951.

There was a valid gift of the property to the son. The gift was irrevocable. It passed an immediate title which cannot be defeated by subsequent attempts to exercise dominion and control over the property. *Miller v. Miller*, 32 Wn.2d 438, 202 P.2d 277 (1949).

Affirmed.

JAMES and SWANSON, JJ., concur.