[No. 1443-1. Division One. July 2, 1973.]

BUCKERFIELD'S LIMITED, *Plaintiff*, v. B. C. GOOSE & DUCK FARM LTD., *et al.*, *Defendants*.

FREDRICK J. LEACH *et al.*, *Appellants*, v. BUCKERFIELD'S LIMITED *et al.*, *Respondents*.

Aiken, St. Louis & Siljeg and Charles E. Siljeg, for appellants.

Moriarty, Long, Mikkelborg & Broz and Douglas M. Fryer, for respondents.

CALLOW, J.—The vessel "Stormy Luck" sailing under Canadian registry was built by Horst Klein, owner of the B. C. Goose & Duck Farm Ltd. Horst Klein and Joyce Klein, his wife, are the son-in-law and daughter of Fredrick J. Leach and Queenie Leach. Mr. and Mrs. Leach claim to be the owners of the vessel. The action involves whether the ownership of the vessel is in the Leaches and, therefore, not an asset reachable to satisfy the debts of the Kleins or whether ownership is in the Kleins and subject to execution and attachment.

On April 9, 1971, Buckerfield's Limited, a Canadian corporation, commenced suit against the B. C. Goose & Duck Farm Ltd., also a Canadian corporation, and the Kleins for a debt due the plaintiff. Suit was commenced in Whatcom County, Washington; and the plaintiff sought and obtained a writ of attachment pursuant to which the Whatcom County sheriff took the "Stormy Luck" into possession at Blaine, Washington. Thereafter, Fredrick and Queenie Leach, not parties to the original action, demanded return of the vessel; and when return was refused, they brought a

suit for conversion in Whatcom County, Washington, on April 29, 1971. The two causes were consolidated for trial, and the Kleins offered no defense to the debt. A judgment in the sum of $50,272.28 was entered against them. Counsel stipulated that the only remaining issue before the trial court was the ownership of the vessel "Stormy Luck."

The pertinent findings of fact entered by the trial court on the issue of ownership of the vessel were numbered 14 through 24 and stated as follows:

14. On January 15, 1971, at a time when he was insolvent and in failing circumstances, Horst Klein registered the ownership of the STORMY LUCK with the Canadian Department of Transport as follows:

Horst Klein, managing owner, one share, Joyce Klein, one share and Queenie Leach, 62 shares.

15. The purpose of registration of the vessel in the name of Queenie Leach was to place the vessel beyond the reach of creditors. Horst Klein and Joyce Klein were given record interest so that they could enter foreign waters without the presence on board of Queenie Leach.

16. On or about February 23, 1971, Horst Klein was advised by his bank that he would be extended no further credit in his farming business and that his note was being called. Immediately thereafter the Kleins abandoned their farm and moved aboard the STORMY LUCK which they had moored at Blaine, Washington.

17. Plaintiffs Leach, beginning approximately one year before construction of the STORMY LUCK, at a time when their daughter Joyce Klein was in poor health, advanced small sums of money in an undetermined amount to Horst and Joyce Klein.

18. All funds advanced from plaintiffs Leach to the Kleins were intended as gifts.

19. Horst Klein did not intend to give or donate his services in the construction of the STORMY LUCK to plaintiffs Leach.

20. Plaintiffs Leach had no experience with cruising sailboats or boats of any kind, and rendered no significant assistance in the construction of the STORMY LUCK.

21. Horst Klein was in possession of the STORMY LUCK from its inception until the attachment in this action and at all times acted as the owner.

22. Horst Klein and Joyce Klein used the vessel for

both pleasure and living purposes; the STORMY LUCK was never used for any purpose by plaintiffs Leach.

23. From all the evidence, including the manner of paying for the vessel, the lack of discussion between the Leaches and the Kleins concerning the vessel, the manner of accounting for expenditures, the attempted issuance of an interest in the vessel from Horst Klein to Dennis Montgomery, the Court finds that it was intended by plaintiffs Leach and the Kleins that the Yacht STORMY LUCK would be owned by Horst and Joyce Klein.

24. On April 26, 1971 the true owners of the Yacht STORMY LUCK were Horst and Joyce Klein.

On these facts, the trial court concluded that the true ownership of the vessel was in the Kleins, that the Leaches had no interest in the "Stormy Luck," that the vessel was properly attached by Buckerfield's Limited, and that the complaint of the Leaches should be dismissed with prejudice.

The plaintiffs claim the entry of findings Nos. 15, 18, 19, 22, 23 and 24 was erroneous as were the conclusions based on those findings. The finding of the trial court that funds advanced from the Leaches to the Kleins were intended as gifts is claimed to be unsupported by clear, convincing, strong and satisfactory evidence to show an unmistakable intention on the part of the Leaches to make a gift of these funds. The plaintiffs Leach contend that the intention was that the funds advanced were loans and that the ownership, together with the right of dominion and control over the boat, was to be in the Leaches with possession only remaining in the Kleins.

The trial court found that the funds which were advanced from the plaintiffs Leach to the Kleins were intended as gifts and that on the contrary Horst Klein did not intend to give his services in the construction of the "Stormy Luck" to the plaintiffs Leach. It is required in order for a completed gift to be found that there exist (1) a donative intent and (2) that delivery of the property be as perfect as the nature of the property and the circumstances and surroundings will reasonably permit. *Oman v. Yates,*

70 Wn.2d 181, 422 P.2d 489 (1967). The elements of a completed gift are likewise defined in *Henderson v. Tagg,* 68 Wn.2d 188, 192, 412 P.2d 112 (1966), as (1) an intention on the part of the donor to presently give, (2) a subject matter capable of passing by delivery and (3) an actual delivery at the time. An unexplained transfer of money from a parent to a child raises the presumption that a gift was intended, but this presumption can be overcome by proof that is certain, definite, reliable and convincing and leaves no reasonable doubt as to the intention of the parties. *Wakefield v. Wakefield,* 59 Wn.2d 550, 368 P.2d 909 (1962). There was substantial evidence within the scope of this criterion to support the finding of the trial court that the funds transferred from the parents to their child were intended as gifts (the evidence is consistent with the presumption of gift) and conversely that the son-in-law did not intend to give to the parents-in-law the results of his efforts, the work product the "Stormy Luck." The evidence substantially supports the finding that the parents intended the transfer of money to be a gift rather than consideration for the transfer of the vessel. It also supports the finding that the registry of the vessel in the name of Mrs. Leach did not reflect an intent in Horst Klein to make a gift to her. The most difficult element to establish a completed gift is the donative intent of the donor. Whether such an intent exists is addressed to the perception of the trial court. *Proctor v. Forsythe,* 4 Wn. App. 238, 480 P.2d 511 (1971). The existence or absence of intent to make a gift is an evidentiary issue to be resolved by the finder of the fact. His resolution of that issue will not be overturned on appeal if his finding is supported by substantial evidence. *In re Estate of Pappuleas,* 5 Wn. App. 826, 490 P.2d 1340 (1971). The evidence supports his findings that that intent did exist insofar as the gift of monies from the Leaches to the Kleins was concerned but did not exist insofar as the claimed gift of the vessel from the Kleins to the Leaches was concerned.

The finding was accepted by the plaintiffs that the

registration of the ownership of the "Stormy Luck" in the name of Queenie Leach took place at a time when Horst Klein was insolvent. However, the plaintiffs objected to the finding which stated that the purpose of the registration of a vessel in the name of Queenie Leach was to place the vessel beyond the reach of creditors. In *Workman v. Bryce,* 50 Wn.2d 185, 189, 310 P.2d 228 (1957), a bill of sale to personal property and a mortgage on real property was given by a judgment debtor to a close relative. The transfers were challenged as having been given in order to defraud the creditor of the judgment debtor. The close relative was found to be a valid creditor, and the validity and good faith of the transactions were upheld and affirmed on appeal. The opinion contains the following observations pertinent to our inquiry:

> The rule is that the burden of proving fraud rests upon the party seeking to set aside a transaction alleged to be fraudulent. *Siegel v. Kracower,* 144 Wash. 609, 258 Pac. 493. The burden shifts to the defendant to prove his good faith, when the consideration is shown to be grossly inadequate. *Yakima First Nat. Bank v. Pettibone,* 182 Wash. 663, 47 P. (2d) 997.
>
> . . .
>
> It is true that transactions between relatives must be scrutinized more closely than others, and will be sustained only upon satisfactory proof of good faith and upon a bona fide indebtedness and consideration not grossly inadequate. . . .
>
> There was no allegation and no showing that the mortgage and bill of sale were given on a secret trust for the benefit of the Bryces, although the plaintiff urges in this court that such an arrangement can be inferred from the situation of the parties. Assuming that the trial court would have been entitled to draw this inference, it did not do so, but found instead that Mrs. Shindel acted in good faith and for the purpose of protecting her own interests. The determination of the facts in this case hinging, as it does, largely upon the credibility of witnesses, we cannot say as a matter of law that the evidence preponderates against the trial court's findings.

Under the evidence in this case, the trial court was justi-

fied in arriving at the opposite conclusion from that reached in *Workman*, to wit, that this transfer was not made in good faith to a valid creditor but was made for an inadequate consideration upon a secret trust for the benefit of the Kleins. The transfer of the vessel was found to have been made not as a gift and not pursuant to a sale since made for an inadequate consideration. When the intent and purpose of gift or sale were eliminated by the trial court as supportable conclusions, the title to the vessel could be found to have been placed in trust by the transferor for his own benefit. This is the tenable conclusion reached by the trial court. *Rodgers v. Simmons*, 43 Wn.2d 557, 560, 262 P.2d 204 (1953).

The findings and the record substantiate that the amounts advanced by the Leaches could be found to be grossly inadequate when compared to the value of the vessel. The burden shifted to the plaintiffs to prove that the registry of the vessel in the name of Queenie Leach was made in good faith, and it was the province of the trial court to decide whether that burden had been met. *See also Tacoma Ass'n of Credit Men v. Lester*, 72 Wn.2d 453, 433 P.2d 901 (1967); *Columbia Int'l Corp. v. Perry*, 54 Wn.2d 876, 344 P.2d 509 (1959); *Sparkman & McLean Co. v. Derber*, 4 Wn. App. 341, 481 P.2d 585 (1971).

The conclusions reached follow from the findings. The judgment is affirmed.

HOROWITZ and FARRIS, JJ., concur.