104 P.3d 674 (2004)
Natalie BROOKE, a/k/a Natalie Merrill, Appellant,
v.
James H. ROBINSON, Esq. and The Law Offices of James H. Robinson, L.L.C., a Washington corporation, Respondent.
No. 53823-3-I.
Court of Appeals of Washington, Division One.
November 29, 2004.
Publication Ordered January 14, 2005.
*675 Jeffrey L. Needle, Seattle, WA, for Appellant.
Jeffrey A. Smyth, Attorney at Law, Seattle, WA, for Respondent.
PER CURIAM.
Although Natalie Brooke prevailed on the first appeal of this action, judgment was reversed as to one defendant. On remand, the cash deposit posted in lieu of supersedeas bond on behalf of both defendants was exonerated. This was error. The deposit served to supersede the judgment as to both defendants. The fact that the posting party benefited from the reversal is irrelevant. By the parties' express agreement and by the express terms of the trial court's supersedeas order, both judgments were superseded. We reverse and remand to the trial court for further proceedings.

BACKGROUND
Natalie Brooke obtained a judgment against the law firm of James H. Robinson, L.L.C. and James H. Robinson individually. To stay Brooke's enforcement of the judgment pending appeal, the parties stipulated to a cash deposit in lieu of supersedeas:
[T]he parties consent to defendants James H. Robinson and Law Offices of James H. Robinson, LLC depositing with the Registry of the Clerk of this court the sum of SIXTY-FIVE THOUSAND and No/100 Dollars ($65,000.00) in lieu of a supersedeas bond, which deposit should and shall fully stay all enforcement of the judgment entered herein pending appeal, against which the judgment creditor may have full access to retire the judgment entered herein upon her successful appeal and mandate from the appellate courts of this state.[1]
The court entered an order approving the cash deposit "to serve in all manners as a supersedeas bond which will stay all enforcement of the judgment entered herein pending mandate."[2]
*676 On appeal, this court affirmed the judgment against the Law Offices of James H. Robinson, LLC, but reversed the judgment against Robinson individually, holding that the evidence did not support a finding that Robinson failed to keep his corporate and personal financial affairs separate.[3] Robinson sought review in the Supreme Court, but review was denied and fees were awarded to Brooke.[4]
Robinson then sought return of the cash deposit, contending that he was successful in his appeal, that the parties intended the supersedeas to operate only if Brooke were entirely successful in "her appeal,"[5] and that because the deposit was made with Robinson's personal funds, the moneys should be returned to him ("The Company did not place any funds into the court's registry ... [and] plaintiff was fully aware of this fact when she agreed to the entry [of] the Order for Cash Deposit."[6]). Brooke objected, pointing out that under the agreement and the order, the deposit in lieu of supersedeas bond stayed execution of both the judgment against Robinson individually, and the judgment against his law firm.
The court granted Robinson's motion, and ordered the clerk to "return Mr. Robinson's $65,000 cash deposit to him."[7]
Brooke did not file a motion in this court as contemplated by RAP 8.1(h). Rather, she filed a notice of appeal. Brooke did not move to stay the disbursement order pending review by this court. The cash deposit has therefore been returned to Robinson.
Robinson contends that under the terms of the stipulation, Brooke was not successful in her appeal because we sustained the judgment only as to one party, not both. These arguments are specious. First, Brooke did not appeal; Robinson did. Second, we upheld the judgment in its entirety, rejecting all Robinson's arguments except the piercing of the corporate veil. Further, the supersedeas deposit expressly operated to protect Brooke's judgment against both Robinson and the law firm. This is consistent with the undisputed intent of the parties. Robinson admits Brooke "also agreed to stay the execution against the Company"[8] and that Brooke would not have consented to a bond superseding only the judgment against Robinson. Finally, the source of the funds deposited was irrelevant.[9] The cash deposit was to "serve in all manners as a supersedeas bond."[10]
It was clear error to release the funds before the judgment against the firm was satisfied. The difficult question is what to do about it now. If the question before us were whether Brooke could enforce her judgment against the Law Office of James H. Robinson, LLC by executing against the cash deposit posted with the court, resolution of this case would be simple. Similarly, had Brooke made a motion under RAP 8.1(h) in this court, our resolution would have been simple.
But now we confront the complication presented by the fact that the moneys were returned to Robinson. Brooke asks us to correct the court's error by directing the trial court to enter judgment against Robinson[11] *677 in the amount of the cash deposit plus interest. We conclude that whether this is an appropriate remedy is a question requiring further proceedings below, to determine whether a constructive trust should be imposed and Robinson should be required to reinstate the deposit erroneously returned to him.
A constructive trust arises in equity "where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."[12] A person is unjustly enriched when he or she profits or enriches himself or herself at the expense of another contrary to equity.[13] The question is whether the enrichment is unjust, not whether the holder of the property acted with bad motive or malicious intent. Constructive trusts "arise independently of the intention of the parties, and may arise even though acquisition of the property is not wrongful."[14]
Robinson chose to post a cash deposit to supersede both the judgment against himself individually, and the judgment against his law firm.[15] Had he not done so, Brooke would have been able to enforce her judgment against the firm. Robinson contends his firm was defunct, that Brooke knew this before he posted the supersedeas, and that enforcing the judgment against the cash deposit would amount to "recapitalizing" the law firm and resurrecting the judgment against Robinson himself. Essentially, he contends Brooke is not prejudiced by the return of the cash deposit, because "[t]heoretical prejudice is not prejudice."[16] Yet the parties agreed the deposit would stay the judgment against the law firm pending the appeal. Brooke therefore had no opportunity to prove the firm was not defunct. Whether she could have done so may be theoretical, but the purpose of supersedeas is to eliminate these arguments by securing the judgment. When the cash was released to Robinson, Brooke lost the protection to which she was entitled by the rules, by the stipulation, and by the court's order. The funds should not have been disbursed to Robinson. Rather, they should have remained available to satisfy Brooke's judgment against the law firm.
We therefore reverse the order disbursing the cash deposit, remand, and direct the trial court to conduct a show cause proceeding to determine whether equity requires that Robinson repost the deposit securing the judgment against the Law Offices of James H. Robinson, LLC.
Brooke seeks attorney fees on appeal pursuant to RCW 49.49.030. Brooke is entitled to an award of fees subject to compliance with RAP 18.1. The award of fees shall be assessed against the Law Firm of James H. Robinson, LLC.
Reversed and remanded.
NOTES
[1] Clerk's Papers at 12.
[2] Clerk's Papers at 13.
[3] Brooke v. Robinson, No. 50150-0 (Wash.Ct.App. Jan.13, 2003).
[4] Robinson has also resisted Brooke's claims in federal court, where he removed this case, filed a separate RICO action against Brooke and her attorneys, and moved to consolidate the actions. This maneuver failed.
[5] Clerk's Papers at 41.
[6] Clerk's Papers at 52.
[7] Clerk's Papers at 53.
[8] Clerk's Papers at 52.
[9] Robinson argues he never agreed to "stand for the debts of another." Resp. Br. at 12, n. 6. Robinson ignores the plain language of the stipulation and order.
[10] Clerk's Papers at 13.
[11] Robinson contends there is a "significant question" as to this court's jurisdiction over him. Resp. Br. at 15. For this proposition, he cites only RAP 12.7. This argument is entirely specious. The rule does not mention jurisdiction. It provides only that this court ordinarily loses power to modify a decision upon the issuance of a mandate. We do not modify our decision in the first appeal, nor are we asked to do so. This new appeal  in which Mr. Robinson has fully participated  is of course not yet subject to mandate.
[12] Baker v. Leonard, 120 Wash.2d 538, 547-48, 843 P.2d 1050 (1993) (quoting Proctor v. Forsythe, 4 Wash.App. 238, 242, 480 P.2d 511 (1971)).
[13] Lloyd v. Ridgefield Lumber Ass'n, 38 Wash.2d 723, 736, 231 P.2d 613 (1951).
[14] Consulting Overseas Management, Ltd. v. Shtikel, 105 Wash.App. 80, 87, 18 P.3d 1144 (2001) (quoting Mehelich v. Mehelich, 7 Wash.App. 545, 551, 500 P.2d 779 (1972)).
[15] Why Robinson chose to post cash rather than a bond is not clear.
[16] Resp. Br. at 14.